# CASES DETERMINED

### IN THE

# SUPREME COURT OF ARKANSAS

CAUTHRON LUMBER COMPANY *v.* HALL.

Opinion delivered June 10, 1905.

1. ACCOUNT—PRODUCTION OF BOOKS.—Where the complaint contained an itemized statement of the account sued on, and defendant neither demurred to the complaint, nor moved to make it more specific, nor. gave plaintiff notice before the trial to produce his books, it was within the court's discretion to refuse at the trial to require them to be produced.   (Page 3.)

2. STATUTE OF FRAUDS—ORIGINAL UNDERTAKING TO PAY ANOTHER'S DEBT.— A contract whereby defendant undertook to pay for goods to be furnished to his employees is an original undertaking, and not within the statute of frauds as a promise to pay another's debt.   (Page 4.)

Appeal from Scott Circuit Court.

STYLES T. ROWE, Judge.

Affirmed.

### STATEMENT BY THE COURT.

This suit was instituted in the circuit court of Scott County by appellee against appellant on account, the complaint alleging:
"That defendant, the Cauthron Lumber Company, is indebted to him in the sum of $923.14 for goods and merchandise sold and delivered to defendant's hands and employees at defendant's request, and upon contract made by and between plaintiff and defendant; particulars of which are set out in an account here-

I

with filed, together with credits to which defendants are entitled, and leaving due and unpaid the sum above mentioned." Prays for judgment.

The account annexed to the complaint is as follows:

Cauthron Lumber Company to J. P. Hall, Dr.

| | | |
|---|---:|---:|
| Per C. E. Barkes............................$ | 62 | 20 |
| " Bob Wilkes.................................. | 9 | 25 |
| " George Thompson ......................... | 12 | 50 |
| " H. L. Thompson............................. | 36 | 45 |
| " J. W. Smith................................. | 23 | 21 |
| " Sam Kunkle................................. | 179 | 46 |
| " W. H. Mills ............................... | 21 | 83 |
| " R. M. Mills................................ | 114 | 65 |
| " Z. B. Hogue................................ | 69 | 09 |
| Balance on Lundy timber........................ | 21 | 25 |
| Hauling John Thompson timber................... | 63 | 00 |
| Work on road.................................. | 3 | 00 |
| Hauling A. L. Smith timber..................... | 81 | 14 |
| Hauling R. G. Moore timber..................... | 15 | 51 |
| Hauling Will Cooly timber...................... | 5 | 00 |
| Hauling Jim Cooly timber....................... | 30 | 60 |
| To profit on one car of feed.................. | 100 | 00 |
| To profit on two cars hay..................... | 60 | 00 |
| To merchandise................................ | 14 | 70 |
| Total ................................ | $923 | 41 |

Affidavit of J. P. Hall to account that it "is true and correct, that nothing has been paid thereon, and that the sum of $923.14 is now justly due thereon."

Appellant filed answer and cross-complaint, denying that it is indebted to plaintiff in the sum of $923.14, or in any other sum; denied that plaintiff sold goods and merchandise to defendant's hands and employees at defendant's request and upon contract made by and between plaintiff and defendant; and alleged that plaintiff was indebted to it in the sum of $81 for 9 tons of hay ordered by defendant, and by defendant turned over to

plaintiff upon his promise to pay the purchase price of same, which he has not done; admitted an indebtedness of $14.70 for merchandise, $3 for road work and $20.09 for balance on timber bought from Lundy, making a total of $37.79, which, deducted from $81, leaves a balance of $43.21 due from plaintiff to defendant, for which amount it prayed judgment.

Plaintiff filed reply, denying indebtedness to defendant in the sum of $81 for hay or in any other sum.

During the trial, while the plaintiff was testifying relative to the items of his account as set forth in his complaint, defendant's counsel asked if he had a book account of these, and, on his replying that he had, the defendant objected to his proceeding without producing his book. The court permitted the witness to proceed, and this is urged as cause for reversal. It appears that an itemized statement of the account was filed in the clerk's office, with the complaint, on July 11, 1903, and suit was commenced July 23, 1903. The regular term of the circuit court convened on the 3d of August, 1903. The appellant filed his answer and setoff on the 4th day of August. The appellee filed a reply to the setoff on the 6th day of August. The issues were made, and no further pleadings were had in the case. The trial was had on the 7th day of August.

*A. G. Leming* and *Daniel Hon,* for appellant.

The court erred in refusing to compel plaintiff to produce his books of account. 15 S. W. 121; 71 Ark. 577; 128 Ala. 505. They were the best evidence. 18 S. W. 904; 20 *Id.* 29; 76 *Id.* 593: 81 *Id.* 750; 60 Ark. 333; 1 Greenleaf, Ev. § 117; 62 S. W. 1081. The verdict of the jury is without evidence to support it. 9 Am. & Eng. Enc. Law, 82. The undertaking upon which plaintiff claimed liability was within the Statute of Frauds. 8 Am. & Eng Enc. Law, 678; 89 N. W. 560; 19 S. W. 250.

WOOD, J., (after stating the facts.) The court did not err in overruling appellant's motion to have appellee produce his books. It was not a matter that appellee had the right to insist upon at that stage of the proceedings. It was too late to call upon appellee to enter upon a more specific itemization of account

at the time.   The appellant had not moved to make more specific, and had not demurred to the complaint when the issues were being made up.   Nor had he given appellee notice, before the trial was entered upon, to produce his books of account.   He should have taken some or all of these steps if he expected to insist, as matter of right, upon the production of appellee's books.   The books were not essential to the maintenance of appellee's cause of action; and, if appellant desired them for any purpose, it should have called for them before.   It was at least within the sound discretion of the court, under the circumstances, to refuse appellant's request made at that juncture of the trial.   Appellant might very properly have had some of the items in the account made more specific, had it demanded it earlier, and might have had appellee . produce his books, if it had advised him before that they were material or essential in its defense.

Second.   The statute of frauds is urged as a defense here. But the allegations of the complaint show a suit upon an original undertaking on the part of appellant to pay appellee for goods and merchandise furnished appellant's hands and employees, at the request of appellant, and upon contract made by and between appellant and appellee.

There is evidence sufficient here to sustain the verdict, both as to the contract and the amount recovered under it.

Affirmed.