SWABODA v. THROGMORTON-BRUCE COMPANY.

Opinion delivered January 16, 1909.

STATUTE OF FRAUDS—UNDERTAKING TO PAY ANOTHER'S DEBT.—A verbal undertaking by A to pay B's debt, though made before the debt was created, was a collateral undertaking, and within the statute of frauds.

Appeal from Clay Circuit Court; *Frank Smith,* Judge; reversed.

*Hunter & Castleberry,* for appellant.

The promise was nothing more than a collateral undertaking. 12 Ark. 174; 70 *Id.* 79; 3 Bl. Com. (Lewis Ed.), 1151, note 35; 104 N. W. 1046; 139 N. C. 533.

*W. W. Bandy,* for appellee.

McCULLOCH, J. Appellee sued appellant for goods delivered and charged to one Thurman, appellant's tenant. Mr. Throgmorton testified on behalf of appellee that, after he had refused to let Thurman have goods without security, appellant came to the store and told him (witness) "to let Thurman have what goods he wanted, and he would see him paid," and that "upon Swaboda's agreement to become surety for Thurman he (witness) advanced to the said Thurman merchandise from time to time" and charged same on the books to Thurman. Another witness testified that he heard appellant tell Throgmorton, in speaking about the Thurman account, that he would "see him paid." Appellant pleaded the statute of frauds, and denied in his testimony that he ever agreed to pay or secure the Thurman account.

The evidence was insufficient to sustain a verdict in appellee's favor, and a peremptory instruction should have been given as requested by appellant. The facts bring the case squarely within the doctrine announced by this court in *Kurtz* v. *Adams,* 12 Ark. 174, as follows: "Where there is no previously existing debt, or other liability, but the promise of one is the inducement to and ground of the credit given to another, by which a debt or liability is executed, such a promise is a collateral undertaking; the general rule being that wherever the party undertaken for is originally liable upon the same contract the promise to answer for that liability is a collateral promise, and must be in writing. As, if B gives credit to C for goods sold and delivered to him on the promise of A to see him paid or to pay him if C should not, in that case it is the immediate debt of C, for which an action would lie against him, and the promise of A is a collateral undertaking to pay that debt, he being [liable] only as security."

In the case of *Emerson* v. *Slater,* 23 How. 28, the Supreme Court of the United States said: "Cases in which the guaranty or promise is collateral to the principal contract, but is made at

the same time, and becomes an essential ground of the credit given to the principal debtor, are, in general, within the statute of frauds."

Appellant's agreement, if made as claimed by appellee, was a collateral one to answer for the default of Thurman, and was not based upon any separate consideration or benefit passing to appellant.

As the evidence was fully developed in the trial, no useful purpose will be served by remanding the case for a new trial.

Reversed and dismissed.