## LOVELAND *v.* STATE PHARMACY.

### Opinion delivered April 10, 1916.

APPEALS. FROM JUSTICE COURT—TIME—PULASKI COUNTY.—An appeal from a justice to the circuit court in Pulaski County, can not be perfected unless the transcript is lodged in the office of the circuit court within thirty days after the judgment is rendered. (Kirby's Digest, § 4666; section 5, Act 64, p. 204, Acts of 1913.)

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*Richard M. Mann* and *Price Shofner,* for appellant.

The appeal from the justice of the peace should have been dismissed. Acts 1913, p. 204; 96 *Id.* 175; 42 *Id.* 88; 103 *Id.* 44; 104 *Id.* 379; Kirby's Digest, § 4670; 110 Ark. 284; 161 S. W. 201.

*Mehaffy, Reid & Mehaffy,* for appellee.

1. The clause in the Act of 1913, providing for the time to file transcripts on appeal is void. The object and purpose of a bill must be stated in its title. 11 N. E. 180; 68 Pac. 295. The act was void also because a general law was applicable. Const., Art. 5, § 24; 48 Ark. 370; 61 *Id.* 21; 61 *Id.* 26; etc. Kirby's Dig., § 4670 is still in force.

2. The appeal was properly taken in time, and the court had jurisdiction. Kirby's Digest, § § 4666-4670; 44 Ark. 482; 140 S. W. 1079; 32 Ark. 292; 87 *Id.* 230; 31 *Id.* 368; 110 *Id.* 284; 24 Cyc. 704, 705.

SMITH, J. Appellant recovered judgment against appellee in the court of a justice of the peace on August 7, 1914, and the appeal which was prayed therefrom was not perfected until September 11, 1914, by the filing of a transcript with the clerk of the circuit court. There was a motion in the court below to dismiss the appeal, but this motion was overruled, and upon the trial before a jury the court directed a verdict in appellee's favor, and this appeal has been prosecuted from that judgment.

Appellant questions by this appeal, not only the action of the court below in directing a verdict against him, but also insists that the court below acquired no juris-

diction of the cause for the reason that the appeal was not perfected within the time limited by law.

Under section 4670 of Kirby's Digest, it is provided that appeals from the courts of justices of the peace shall be perfected on or before the first day of the next term of the circuit court after the appeal has been granted. This section was construed as being directory, yet we said that its provisions could not be ignored, and that the party who did not comply with it must offer some satisfactory explanation of his failure so to do, the sufficiency of the explanation being a question to be passed upon by the circuit court. *Hart* v. *Lequieu*, 110 Ark. 284.

It is insisted that this question should be disposed of under the rule announced in the case of *Hart* v. *Lequieu, supra.* But the practice in Pulaski County, has been changed by Act No. 64 of the Acts of 1913, p. 204. This is an act entitled "An Act to provide for an additional circuit judge for the Sixth Judicial Circuit, and to regulate the practice in the circuit court of Pulaski County." Section 5 of this act reads as follows:

"Section 5. All appeals in criminal cases whether from justice, mayor or police courts as provided in Act 151 of the Acts of 1905 of the General Assembly of Arkansas must be filed in the office of the circuit court of Pulaski County within thirty days after the judgment is rendered and not thereafter. All appeals in civil cases shall follow the procedure set out in section 4666 of Kirby's Digest; provided, that the transcript of said appeal must be lodged in the office of the clerk of the circuit court within thirty days after judgment is rendered and not thereafter."

Section 4666 of Kirby's Digest provides that "No appeal shall be allowed unless the following requisites shall be complied with: First, the applicant, or some person for him, shall make and file with the justice an affidavit that the appeal is not taken for the purpose of delay but that justice may be done him. Second, the appeal must be taken within thirty days after the judgment was rendered, and not thereafter." Another pro-

viso relates to the bond which must be given if a supersedeas is desired. But the appeal may be prosecuted without giving this bond, provided an appeal taken without the bond shall not operate to suspend the proceedings.

It will be observed that this section 5 provides that all appeals in civil cases shall follow the procedure set out in section 4666 of Kirby's Digest, "Provided, that the transcript of said appeal must be lodged in the office of the clerk of the circuit court within thirty days after judgment is rendered and not thereafter." Inasmuch as the second proviso in section 4666 required that the appeal must be taken within thirty days after the judgment was rendered and not thereafter, we can not give the proviso contained in section 5 of the Act of 1913 any effect without holding that an appeal can not be perfected unless the transcript is lodged in the office of the clerk of the circuit court within thirty days after the judgment is rendered and not thereafter. Indeed, the language employed appears to be so plain and unambiguous as to preclude any other construction.

Section 2614 of Kirby's Digest, regulating appeals to the Supreme Court in misdemeanor cases, provides that the appeal shall be prayed during the term at which the judgment was rendered and shall be granted upon the condition that the record is lodged in the clerk's office of the Supreme Court within sixty days after the judgment. This section was construed in the case of *Bromley v. State*, 97 Ark. 116, where it was held that this court would not take cognizance of an appeal unless it is perfected within sixty days, although the failure to do so was due to the failure of the circuit clerk to prepare the transcript in time.

We think the language employed in section 2614 of Kirby's Digest is no more mandatory than that employed in the Act of 1913, and as the act regulating the practice in the Pulaski circuit court was not complied with, we must hold that the circuit court acquired no jurisdiction, and the judgment of that court will be reversed, and the cause remanded with directions to dismiss the appeal from the justice court. It is so ordered.