PERRY v. JARMAN, TRUSTEE.

Opinion delivered September 25, 1916.

CONTRACT TO PAY DEBT OF ANOTHER—COLLATERAL UNDERTAKING—STATUTE OF FRAUDS.—An oral agreement by a landlord to pay for certain goods furnished to his tenants, only in the event that they failed to pay, is a collateral, and not an original undertaking, and is within the statute of frauds.

Appeal from Craighead Circuit Court, Jonesboro District; *W. J. Driver*, Judge; reversed.

*Baker & Sloan,* for appellant.

1.   Instruction No. 1, asked by defendant, was the law of this case and should have been given.   127 Ala. 240; 28 So. 665.   As to collateral undertakings, see 12 Ark. 174; 31 *Id.* 613; 88 *Id.* 592; 102 *Id.* 435.   As to original undertakings, see 40 Ark. 429; 76 *Id.* 1; 93 *Id.* 277.

2.   Instruction No. 1 as given by the court was erroneous.   It disregards the statute of frauds; it assumed that the statement of accounts was correct and is not the law of the case.   See case cited, *supra.*

SMITH, J.   This suit was brought by the trustee in bankruptcy of an insolvent merchant to enforce the collection of certain accounts for merchandise alleged to have been sold and delivered to tenants on the farm of appellant.   The goods were sold by a firm of merchants doing business as Linville & Poff, but Linville subsequently acquired the interest of Poff and later became insolvent.   The evidence of Linville and Poff is not altogether free from uncertainty as to the nature of the contract under which they sold and delivered the goods sued for.

Appellant denied that he had agreed to pay for the supplies furnished his tenants by Linville & Poff, and the cause was sub nitted to the jury for their decision upon this question of fact.   Over appellant's objection, the jury was told that if the goods were furnished to him by delivering them to his tenants under an agreement by which they were to be so charged and delivered, to find for the plaintiff.   Abstractly considered, this instruction is, of course, a correct declaration of the law, but it ignores a defense which appellant sought to submit in an instruction requested by him and refused by the court, which instruction reads as follows:

"If you find from the evidence that defendant Perry was merely a guarantor for Cleveland and Morrow, and that he was to become liable to Linville and Poff only in the event that one or the other, or both of the said parties, Cleveland ro Morrow, failed to pay, and that he did not assume original liability for their accounts, then your

verdict must be for the defendant. If there was liability of Cleveland and Morrow to pay Linville and Poff for the goods, wares and merchandise received by them, then plaintiff cannot recover from the defendant, and you will so find by your verdict."

Appellant contends this instruction should have been given for the reason that the proof of the merchants shows a collateral and not an original agreement to pay, and that the agreement not having been in writing was void under the statute of frauds. We have not been favored with a brief by appellee and we do not know upon what ground this instruction was refused, but presume that it was upon the ground that the issue in the case was whether appellant had agreed to pay at all, and not whether the agreement was original or collateral.

It is true appellant denied any agreement on his part to pay, and that Linville and Poff testified they sold the goods to appellant and delivered them to his tenants; and if no other issue was raised by the evidence, then it could be said that appellant's instruction was properly refused, and the one given covered the issue in the case. But this does not appear to have been the only issue. During the course of his examination Linville made the following statements: That he told the tenants, when they applied for advances and credit to make the crop, that they would have to have Mr. Perry (appellant) come in and stand for the bill. That he advised Mr. Perry he would not let the tenants have goods unless he was responsible for them. That the goods "were charged to Mr. Perry by whoever bought them," and that he was extending credit to Mr. Perry. That he asked Perry whether he would stand for the tenants as he had done the year before, and that Perry talked as if he would not do so, but later asked what discounts would be given if the bills were paid monthly. There were no notes or other writing and nothing was said about notes, but Perry just said he would stand for the tenants. That he had tried him out on the note proposition the year before and knew he would not sign one, and that every year before

he had given orders for all the tenants got, but during the year in question had given no orders.

Poff, who was a partner at the time, testified that they had been trying to get Morrow (one of the tenants) to make a note with Perry as surety, and they called Perry in and talked to him about it. That Perry said he had a tenant on the farm by the name of Cooper and that they (Poff and Linville) would have to look out for him, but as for the others it would be all right; that they were asking Perry to guarantee the accounts and that he was called in for that purpose and said it would be all right.

Under this evidence the jury might have found that even though appellant had promised to pay for the goods, the promise amounted only to an agreement to do so in the event only that the tenants failed to pay, and such a promise is a collateral and not an original undertaking and should, therefore, have been evidenced by some writing to be binding.. *Swaboda* v. *Throgmorton-Bruce Co.*, 88 Ark. 592.

The instruction requested by appellant should have been given, notwithstanding the concluding clause thereof is not necessarily the law. There could, of course, be such a thing as joint liability, but this qualifying clause did not render the instruction erroneous under the evidence in this case.

Other assignments of error are urged, but we think they are not of sufficient importance to require discussion. For the refusal to give the instruction requested by appellant, the judgment will be reversed and the cause remanded.