SMITH v. WESTLAKE.

Opinion delivered March 6, 1922.

FRAUDS, STATUTE OF—PROMISE TO PAY ANOTHER'S DEBT.—Where it was a question whether a verbal promise of a landlord to pay his tenant's account of supplies was an original undertaking or was a collateral one within the statute of frauds, it was not error to refuse to instruct the jury that if the landlord told the plaintiff, with reference to the tenant's account, "I'll see it paid", this was equivalent to saying, "I'll pay the account", and therefore was an original undertaking.

Appeal from Perry Circuit Court; *John W. Wade,* Judge; affirmed.

*John L. Hill* and *Carmichael & Brooks,* for appellant.

The court's oral instruction was misleading and erroneous. There is no dispute about the credit having been extended to Westlake. It is admitted that the charge was made to him on the books and on the bills presented to him. The court erred in refusing to instruct the jury, as requested by appellant, to the effect that if Westlake, referring to Weems' account, told appellant, "I'll see it paid," it was equivalent to saying, "I'll pay the account." 40 Ark. 430; 12 *Id.* 179; 88 *Id.* 592.

*J. H. Bowen,* for appellees.

It is a mistake to say that there is no dispute about the credit having been extended to Westlake. He testified, and positively denied that he stood good for this account. Smith, in bringing suit against Weems and taking judgment against him for the disputed account, fixed the liability of Weems and precluded recovery from Westlake. 12 Ark. 179; 88 *Id.* 592.

HUMPHREYS, J. Appellant instituted suit in the Perry Circuit Court against appellee J. R. Westlake upon an individual account for $399.05, and appellees jointly upon an account for $502.37 and a note for $150. An answer was filed, admitting the indebtedness upon the note in the sum of $150 with interest, by both appellees, the individual indebtedness for $399.05 on open account by appellee J. R. Westlake, and the individual indebtedness of $502.37 on open account by M. L. Weems, and denying individual or joint liability on open account for $502.37 by appellee J. R. Westlake. Judgment by confession was rendered against both appellees for the amount due upon the note, against J. R. Westlake individually on open account for $399.05, and against M. L. Weems individually on open account for $502.37. A verdict was returned and judgment rendered in favor of appellee J. R. Westlake upon the item of $502.37, which said appellee denied he owed, and which constituted the only issue upon the trial of the cause. From the judgment dismissing appellant's complaint against J. R. Westlake for the item of $502.37 an appeal has been duly prosecuted to this court.

There was a misjoinder of parties in this action, but no objection has been made on that account. Without raising the question of a misjoinder of parties, the cause proceeded to a final determination upon the sole issue of whether appellee J. R. Westlake was liable to appellant upon the item in the open account of $502.37 as an original undertaking. The complaint, in substance, charged that appellant, a merchant, furnished Westlake's

share-cropper, M. L. Weems, goods in the amount of $502.37 which were to be paid for by said Westlake, and which were charged to Westlake upon appellant's books. Westlake denied this allegation in the complaint, and upon the issue joined the cause was submitted to the jury upon the evidence adduced and instructions of the court. The evidence was in conflict. That adduced on behalf of the appellant tended to show that Westlake undertook to pay for the goods furnished by appellant to said appellee's share-cropper, M. L. Weems. The evidence adduced on behalf of appellee tended to show otherwise. The undertaking, if any, was an oral one, and in order to fix liability upon Westlake must have been an original, and not a collateral undertaking. As tending to show that the undertaking was an original one, in the course of his testimony, appellant undertook to detail the specific language used by Westlake in obligating himself to pay for the goods. He testified that on the 31st of March Westlake came to his store and got a list of merchandise for Weems and himself, and was informed that it would run over the amount covered by the note which both of them had signed, whereupon Westlake said, "He (referring to Weems) has got a good crop, let him keep on, and I will see that it is all paid." Based upon this particular language, appellant requested, and was refused, over his objection and exception, the following instruction: "You are instructed that if you find that the defendant, J. R. Westlake, told the plaintiff, Smith, with reference to the Weems account, 'I'll see it paid,' that it was equivalent to saying, 'I'll pay the account,' then, and in that event, you will find against the defendants, Westlake and Weems, jointly for the account of $502.37." The vice in this instruction is that the phrase, "I'll see it paid," does not necessarily mean the same as the phrase, "I'll pay the account." *Swaboda* v. *Throgmorton-Bruce Co.*, 88 Ark. 592. The instruction being erroneous, the court properly refused to give it.

The court instructed the jury at considerable length, and it is impractical, without unduly extending this

opinion, to set the instructions out in full as given by the court. We have read them carefully, and think they fairly presented to the jury the issue of whether the undertaking was an original or collateral one, or whether there was any undertaking at all.

No error appearing, the judgment is affirmed.