NOWLIN v. MERCHANTS NATIONAL BANK.

4-4250

Opinion delivered March 30, 1936.

*J. Allen Eades*, for appellant.

*Simmons & Lister*, for appellee.

McHANEY, J. Appellee obtained a judgment against appellant in the municipal court of Fort Smith on April 12, 1935. An affidavit for appeal was filed with the clerk of said court and the fee for making the transcript was paid April 20, 1935. The clerk of said court promised to file the transcript with the circuit clerk, but failed to do so within thirty days. The appeal was perfected May 31, more than thirty days from the date of the judgment. On motion of appellee the appeal was dismissed by order of the circuit court, and this action of the court is questioned by this appeal. In 1921 the Legislature passed an act (Acts 1921, p. 259) for the establishment and regulation of municipal courts in cities having a population exceeding 25,000, and under 50,000 according to the latest census, which classification includes Fort Smith. Section 6, of said act, reads as follows: "All appeals from the municipal courts must be taken and the transcript lodged in the office of the clerk of the circuit court within thirty days after judgment is rendered, and not thereafter * * *."

It will be noticed that the appeal must be taken and the transcript lodged with the circuit clerk "within thirty days after judgment is rendered and not thereafter." This requirement is mandatory and is jurisdictional. Unless it is complied with, the circuit court is without jurisdiction. We so held in *Loveland* v. *State Pharmacy*, 123 Ark. 320, 185 S. W. 288. Persons desiring to appeal from the municipal courts affected by said act 203 of 1921 must see to it that their transcripts are lodged in the time limited, and they cannot have an extension of the time by reason of a broken promise of the clerk of the municipal court to attend to it within apt time.

The judgment is correct, and must be affirmed.