AMERICAN WORKMEN INSURANCE COMPANY v. IRVIN.

4-4841

Opinion delivered November 29, 1937.

*Brewer & Cracraft,* for appellant.

*Peter A. Deisch,* for appellee.

BAKER, J.   Thomas Ervin sued the American Workmen Insurance Company in the Helena municipal court. The case was decided on September 9, 1936, in favor of the defendant company.   On September 21, 1936, Ervin filed his affidavit for an appeal.   No judgment had been written up and no precedent for a judgment was prepared until the 26th of April, 1937, on which day the judgment was entered of record and a transcript was on that day filed in the circuit court.

The defendant insurance company filed its motion to dismiss this appeal because not made in time.   The plaintiff Ervin filed a motion duly verified in which he stated that no judgment had been entered and that his appeal could not have been perfected until the 26th day of April, 1937, by reason thereof, and further that after the trial in the municipal court and, presumably after he had prepared his affidavit and filed it, he was taken very violently ill, suffering such disabilities that he was unable to talk or communicate with his attorney and arrange to perfect the appeal within the time required by the act creating the Helena municipal court.   The facts in regard to the motion filed by the defendant insurance company appeared from the record itself.   The motion filed by the plaintiff was verified by affidavit.   It seems that both of these motions were presented simultaneously.   The court overruled the motion filed by the insurance company, granted prayer of plaintiff, and put the defendant to trial.   The only question presented on this appeal is one of law arising out of the following language appearing in act 18 of the Acts of 1917 creating the municipal court of the city of Helena.   From § 6 we take the following: "All appeals from the municipal court must be taken and the transcripts of appeal lodged in the office of the clerk of the circuit court within thirty days after judgment is rendered, and not thereafter."

At the time this act was passed the Supreme Court of this state had already had before it the same language, in the matter of appeals from justice courts in Pulaski

county, under act 64 of the General Assembly of 1913. The court in effect held that the language used was mandatory and that appeals must be perfected within the time fixed; that if not done the circuit court could not properly proceed with trial of the case on appeal. *Loveland* v. *State Pharmacy,* 123 Ark. 320, 185 S. W. 288.

Ordinarily, when the Legislature adopts certain language, or expressions, or terminology in an enactment, it adopts prior constructions or interpretations thereof. *Fort Smith Gas Co.* v. *Wisemen,* 189 Ark. 675, 683, 74 S. W. (2d) 789.

The same language in a case appealed from Sebastian county was before us for consideration a short time ago and our decision at that time was in exact conformity to that of *Loveland* v. *State Pharmacy, supra.* The language is so clear and positive that the meaning may not be misconstrued. *Nowlin* v. *Merchants National Bank,* 192 Ark. 529, 92 S. W. (2d) 390.

The appellee argues, however, that the appellant, after its motion to dismiss in the circuit court was overruled, proceeded to trial and, therefore, is bound by the result. Appellant did not voluntarily proceed. It was forced and required to do so by the court at the instigation of the appellee. Its position is not inconsistent and it waived no right.

For the error indicated the judgment must be reversed, and the cause is dismissed.