JACKSON v. POOL.

4-4839

Opinion delivered November 29, 1937.

H. S. Grant and H. U. Williamson, for appellant.

McHANEY, J. Appellee sued appellant to recover judgment for $115 on a board bill of one Bill Herrington, in which she claimed that appellant promised to pay the bill if she would furnish him room and board. Appellant defended on the statute of frauds which requires the contract of one to answer for the debt, default or mis-

carriage of another to be in writing. At the conclusion of the testimony, he moved for a directed verdict which was overruled. The case was submitted to a jury which resulted in a verdict and judgment in appellee's favor for the amount sued for, with interest and costs. The case is here on appeal.

It is true, as appellant says, that this court has held in a long line of decisions beginning with the case of *Kurtz* v. *Adams,* 12 Ark. 174, that "where there is no previously existing debt, or other liability, but the promise of one is the inducement to and ground of the credit given to another, by which a debt or liability is executed, such a promise is a collateral undertaking; the general rule being that wherever the party undertaken for is originally liable on the same contract, the promise to answer for that liability is a collateral promise and must be in writing. As, if B gives credit to C for goods sold and delivered to him on the promise of A to see him paid or to pay him if C should not, in that case it is the immediate debt of C for which an action would lie against him, and the promise of A is a collateral undertaking to pay that debt, he being liable only as security." *Swaboda* v. *Throgmorton-Bruce Co.,* 88 Ark. 592, 115 S. W. 380; *Smith* v. *Westlake,* 152 Ark. 384, 238 S. W. 34; *Grady* v. *Dierks Lumber & Coal Co.,* 154 Ark. 255, 242 S. W. 548.

In this case, there was no pre-existing indebtedness from said Herrington to appellee. She testified very positively that she permitted said Herrington to board and room at her house on the credit of appellant; that appellant agreed with her to pay Herrington's board, and that she charged Herrington's board to appellant. These facts were disputed by appellant, and the court submitted the question to a jury, and the jury has chosen to believe appellee's testimony instead of appellant. If appellee was telling the truth, and we assume that she was, under the jury's verdict, then appellant's undertaking was not a collateral one, and the judgment was properly rendered against him.

No error appearing, the judgment is affirmed.