VINCENT *v.* WESSON.

4-6907                    166 S. W. 2d 1023

Opinion delivered December 14, 1942.

*E. G. Ward,* for appellant.

*Rhine & Rhine,* for appellee.

SMITH, J. Appellee, who is a physician, recovered judgment for the amount of a doctor's bill for professional services rendered appellant's brother. The statute of frauds was pleaded as a defense, and its applicability presents the principal question in the case.

The suit was begun in the court of a justice of the peace, where judgment was rendered for the defendant, appellant here, and a motion was filed by her to dismiss the appeal in the circuit court for the reason that the appeal had not been prosecuted and perfected within the time and manner required by law. This motion was overruled, and upon a trial before the court sitting as a jury the judgment was rendered from which is this appeal.

Appellant insists in her brief that the appeal had not been perfected as required by law; but since the filing of the brief in which this question was raised the record has been amended by stipulation of the parties. From this stipulation it appears that judgment was rendered in the justice court on January 18, 1940, and that a transcript of the proceedings in the justice court, including affidavit and bond for appeal, were filed with the clerk of the circuit court on February 7, 1940. The justice did not then attach a verifying certificate to the transcript, but this he did on September 30, 1941, when the motion to dismiss was heard.

Section 8475, Pope's Digest, prescribes the prerequisites for an appeal from the judgment of a justice of the peace, and these are three in number. First, an affidavit must be filed to the effect that the appeal is not taken for the purpose of delay, but that justice may be done; Second, the appeal must be taken within thirty days after the judgment was rendered, and not thereafter; Third, a bond to perform the judgment must be given. However, the section of the digest next following—No. 8476—provides that either party may appeal without giving bond, but that such appeal shall not operate as a suspension of the proceedings upon the judgment appealed from, and no certificate shall be given stating that an appeal has been allowed, and no execution issued upon the judgment shall be recalled.

All these jurisdictional requirements were complied with, and the motion to dismiss the appeal on account of the failure of the justice to attach a certificate to the transcript was properly overruled.

The statutes contemplate that proceedings in the court of a justice of the peace may be, and frequently are, informal. Sections 8481 and 8482, Pope's Digest, are a part of the same act (Act 135 of the acts of 1873, pages 430 to 458), of which § 8475 was also a part, and by § 8481 it is provided that if the requirements of § 8475 are substantially complied with, "the cause shall be deemed to be in court and be subject to be tried anew upon its merits." And when § 8475 has been complied with, § 8482 requires the justice to so amend his record as to preserve the appeal. *Guy, McClellan & Co.* v. *Walker*, 35 Ark. 212; *Young* v. *King*, 33 Ark. 745; *Martin* v. *Tennison*, 56 Ark. 291, 19 S. W. 922; *Railway Co.* v. *Deane*, 60 Ark. 524, 31 S. W. 42. The rule announced in these cases has been applied in many later ones.

Appellant pleads the second paragraph of § 6059, Pope's Digest, which is a part of our statute of frauds, and provides that "No action shall be brought . . . To charge any person, upon special promise to answer for the debt, default or miscarriage of another, . . . unless the agreement, promise or contract upon which such action shall be brought, or some memorandum or note thereof, shall be made in writing, and signed by the party to be charged therewith, or signed by some other person by him thereunto properly authorized." Many cases have construed this section, a number of which are cited by the digestor in his note to this section.

The testimony out of which this question arises is to the following effect. Albert Vincent, who was appellant's brother, became ill at her home. Their cousin, Hilda Cox, who resides with appellant, was sent to appellee's office, and requested appellee to call on the sick man. There is a conflict in the testimony as to whether Hilda made this request as the agent of appellant or as agent of the sick man. Appellee testified that he was told that appellant had sent for him, and that he visited the sick man at her request. Appellee further testified that after he had called and had examined the sick man "She (appellant) asked how her

brother was, and I said he was pretty sick, and she said, 'Here is $2. It is not much. But it will help some, and take care of him the best you can. When it is over I will pay you the bill'.'' Appellant admitted paying the $2, but testified that it was given to appellee to buy gasoline to contact the county health officer, which statement appellee categorically denied. Appellant denied having agreed to pay the bill, and was corroborated to some extent by the testimony of Hilda Cox. On the other hand, appellee was corroborated by testimony of a collecting agent who interviewed appellant in regard to the payment of this bill. The testimony is so conflicting that it may not be reconciled; but this conflict was resolved in appellee's favor by the finding and the judgment of the court.

Appellant insists that the testimony of appellee shows nothing more than a mere promise to pay her brother's bill, and that the promise was, therefore, a collateral agreement, and within the statute of frauds, and cases such as *Swaboda* v. *Throgmorton-Bruce Co.*, 88 Ark. 592, 115 S. W. 380, are cited for the reversal of the judgment. We think, however, that the testimony warranted the court in finding that appellant's promise to pay was not a collateral—but an original—undertaking, and is ruled by cases such as *Cauthron Lumber Co.* v. *Hall*, 76 Ark. 1, 88 S. W. 594, where it was held that a contract whereby defendant undertook to pay for goods to be furnished his employees (and the rule would be the same in the case of an agreement to render services) is an original undertaking, and not within the statute of frauds as a promise to pay another's debt. Here, as we have said, the testimony supports the finding that the agreement was not to pay the bill of the sick man, but was an original undertaking to pay for those services, which were rendered, not on the credit of the sick man, but on that of his sister, and in consideration of her promise to pay therefor.

In the reply brief the question is raised for the first time that there was no change of the venue from the court of the justice of the peace in which the suit

was brought to that of the justice who tried the case. Two answers may be made to this contention. First, that no such point was made in appellant's original brief. It was held in the case of *Groves* v. *Keene*, 105 Ark. 40, 150 S. W. 575, (to quote a headnote) that "Appellant can not raise in his reply brief a question not raised below nor in his original brief." See, also, *Commonwealth Public Service Co.* v. *Lindsay,* 139 Ark. 283, 214 S. W. 9. A second answer is that appellant filed in the court of the justice who did try the case a written denial of liability. This was, of course, an entry of appearance, which dispenses with any inquiry as to the sufficiency of the process by which the suit was brought into the court where appellant's answer was filed.

No error appears, and the judgment must be affirmed. It is so ordered.