BARBER *v.* CRABTREE.

4-8697                                             217 S. W. 2d 265

Opinion delivered February 7, 1949.

464

*John C. Sheffield,* for appellant.

*Cracraft & Cracraft,* for appellee.

ED. F. MCFADDIN, Justice. This appeal involves the statute regulating the time for filing a transcript in an appeal from the Municipal Court to the Circuit Court.

On June 11, 1947, a judgment was obtained in the Municipal Court of Helena, in favor of Crabtree and against Barber. No affidavit for appeal was ever filed in the Municipal Court; instead, on July 5, 1947, Barber filed with the Clerk of the Phillips Circuit Court the affidavit for appeal and also an appeal bond. The transcript of the Municipal Court proceedings was filed by Barber in the Circuit Court on October 27, 1947. Crabtree moved to dismiss Barber's appeal in the Circuit Court on the grounds: (a) that the transcript was not filed in apt time in the Circuit Court; and (b) that the affidavit for appeal was never filed in Municipal Court. The Circuit Court sustained Crabtree's motion, and entered judgment dismissing the appeal. From that judgment Barber has appealed to this Court.

It is unnecessary for us to consider the point about the failure to file the affidavit of appeal in the Municipal Court, because the first-listed point—*i. e.,* time of filing transcript in Circuit Court—disposes of the case. Section 9903, Pope's Digest, as amended by Act 280 of 1941, provides in part: "All appeals of civil cases from Municipal Courts must be taken and the transcripts of appeal lodged in the office of the Clerk of the Circuit Court within thirty days after judgment is rendered, and not thereafter . . ."

In *Nowlin* v. *Merchants Nat'l Bank,* 192 Ark. 529, 92 S. W. 2d 390 we held the foregoing requirement to be jurisdictional, saying: "It will be noticed that the

appeal must be taken and the transcript lodged with the circuit clerk 'within thirty days after judgment is rendered and not thereafter.' This requirement is mandatory and is jurisdictional. Unless it is complied with, the circuit court is without jurisdiction. We so held in *Loveland* v. *State Pharmacy,* 123 Ark. 320, 185 S. W. 288." To the same effect, see, also, *American Workmen's Ins. Co.* v. *Irvin,* 194 Ark. 1149, 110 S. W. 2d 487; and *Everett* v. *Coleman,* 211 Ark. 515, 201 S. W. 2d 30.

Barber contends that he made "substantial compliance" with § 9903, Pope's Digest, by filing his affidavit and appeal bond in the Circuit Court on July 5th, and he cites § 8481, Pope's Digest, which says: ". . . But if all the requisites, as they are required in this act for the taking of appeals, be substantially complied with, the cause shall be deemed to be in court and be subject to be tried anew upon its merits."

He also cites *Vincent* v. *Wesson,* 204 Ark. 1108, 166 S. W. 2d 1023, which held that if the Justice of the Peace filed the transcript in the Circuit Court in the required time, then the Justice could later add his verifying certificate. But the statute and case cited by Barber do not support him in his present position, because in this case nothing was filed in the required time in the Circuit Court that had ever been filed in the Municipal Court.

There was a total failure to file in apt time anything purporting to be a transcript. Rather, Barber filed direct with the Clerk of the Circuit Court the affidavit and appeal bond that should have been filed in the Municipal Court; and this was in no sense the filing of a "transcript of the Municipal Court proceedings," as is plainly required by § 9903, Pope's Digest, and Act 280 of 1941 as aforesaid.

Since the transcript was not filed in the Circuit Court within the time fixed by law, the Circuit Court was correct in dismissing the appeal. Affirmed.