## CAIN v. STATE.

### Opinion delivered June 1, 1908.

JUSTICE OF THE PEACE—DUTY TO FILE TRANSCRIPT IN CRIMINAL APPEALS.— Under Acts 1905, c. 151, § 2, requiring justices of the peace to file a certified transcript of their records in the circuit court within ten days after appeals are prayed in criminal cases, and providing that they may be compelled to comply with that section by rule or attachment, an appeal should not be dismissed because the tran-script was not lodged with the circuit clerk within the required time.

Appeal from Yell Circuit Court; *J. Hugh Basham,* Judge; reversed.

*U. S. Meade,* for appellant.

1. The court erred in dismissing the appeals on motion of the prosecuting attorney. Acts 1900, p. 375, § 2; 41 Ark. 194; 40 *Id.* 448.

2. It is the duty of the court to correct errors in entering a judgment, even after the expiration of the term. 33 Ark. 218.

*William F. Kirby,* Attorney General, and *Daniel Taylor,* Assistant, for appellee.

HART, J. On the 16th day of April, 1907, Lee Cain was convicted before a justice of the peace in the Dardanelle District of Yell County of the crime of selling whisky to a minor, and fined $25.00. On the same day he appealed to the circuit court. On September 4, 1907, the justice filed the transcript of the judgment in the office of the circuit clerk. On the 10th day of September, 1907, a day of the September term of the Yell Circuit Court for the Dardanelle District, on motion of the prosecuting attorney, his appeal was dismissed. The defendant excepted, and the case is here on writ of error.

Because of the action of the court in dismissing the appeal of the defendant, the Attorney General confesses error. Section 2 of the act of April 11, 1905, makes it the duty of the justice, and not of the appellant, to file the transcript in the circuit clerk's office. Acts 1905, p. 376. This was done before the first term commencing after the conviction was had. Appellant was present on the first day of the term, objecting to a dismissal of his appeal and demanding a trial.

Therefore the cause was dismissed without authority of law, and the judgment is reversed and remanded for further proceedings on the appeal from the judgment of the justice of the peace.