POTTS v. STATE.

Opinion delivered November 1, 1909.

CRIMINAL LAW—APPEALS FROM JUSTICES OF THE PEACE—PROCEDURE.—
Kirby's Digest, § 4666, requiring persons appealing from a justice of
the peace to the circuit court to file an affidavit for appeal, does not
apply to criminal cases.

Appeal from Sebastian Circuit Court, Greenwood District:
*Daniel Hon,* Judge; reversed.

*George W. Dodd,* for appellant.

In the absence of constitutional limitation, the Legislature
may prescribe the mode of taking appeals from a lower court to
an appellate court for review. 2 Cyc. 507. The Constitution pro-
vides that appeals may be taken from final judgment of the
justices of the peace to the circuit courts under such regulations
as are now, or may be, provided by law. Const. 1874, art. 7, sec.
42. An appeal is a matter of right. 44 Ark. 482. The only
requisites for an appeal in a criminal case are that the appeal
shall be taken and the transcript with the original papers filed in
the office of the circuit court within sixty days. 41 Ark. 194.
The statute providing that an affidavit for appeal must be filed
with the justice applies only to civil cases.

*Hal L. Norwood,* Attorney General, *C. A. Cunningham,* As-
sistant, and *A. A. McDonald,* Prosecuting Attorney, for appellee.

Kirby's Digest, § 4666, providing that an affidavit must be
made in order to secure an appeal from a justice of the peace,
applies to both civil and criminal cases. 19 Ark. 647.

FRAUENTHAL, J. The appellant was convicted in the court
of a justice of the peace of Sebastian County of a misdemeanor;
and from that judgment he appealed to the circuit court. The
judgment of conviction was entered on June 16, 1909, and on
June 24, 1909, he filed with the justice of the peace an appeal
bond and made an application for appeal, and thereupon the
justice of the peace made the following order: "Bond approved
and appeal allowed."

The appellant did not make or file with the justice of the
peace an affidavit for appeal; but the transcript of the orders on
his docket and the original papers in the case were filed in the
circuit court within the time prescribed by law.

Upon motion of the State the circuit court dismissed the appeal because no affidavit for appeal had been made or filed with the justice of the peace. From the judgment of the circuit court thus dismissing his appeal the appellant now presents this appeal to this court.

It is provided by article 7, section 42, of the Constitution of 1874 that: "Appeals may be taken from the final judgments of the justices of the peace to the circuit court under such regulations as are now or may be provided by law."

Unless the Legislature has provided that the filing of an affidavit is a necessary condition or prerequisite to obtaining an appeal from a judgment of conviction in a criminal case in a court of a justice of the peace, such affidavit would not be essential for the circuit court to acquire jurisdiction of such case upon appeal.

By the act of the Legislature which became a law April 11, 1905 (Acts of 1905, page 375), it is provided:

"Any person convicted before any justice court or police, or city court of any crime, misdemeanor, breach of the penal laws of this State, or of violation of any city or town ordinance, may appeal therefrom to the circuit court of the county in which said conviction occurred at any time within sixty days thereafter."

The sections of that act following prescribe the duties of the justice of the peace in regard to sending up transcripts, and also prescribe the time the appeal shall stand for trial in the circuit court and the procedure. But nowhere in the act is it prescribed that an affidavit for appeal shall be made or filed, and in no other provision of the statutes do we find that it is prescribed that an affidavit for appeal must be made or filed in order to obtain an appeal from a judgment of conviction on a trial of a criminal case before a justice of the peace.

It is urged that section 4666 of Kirby's Digest provides that the appellant must make and file with the justice an affidavit as a condition and prerequisite to obtain an appeal to the circuit court from a judgment of a justice of the peace, and that this provision of the statute applies also to judgments of justices of the peace in criminal cases. This provision of the statute and this section of Kirby's Digest is taken from the act of the General Assembly of Arkansas approved April 29, 1873 (Acts of 1873, p. 430).

That is an act entitled "An act to define the jurisdiction and regulate the course of proceedings in the courts of the justices of the peace in civil actions;" and by section 125 of the act it is specifically stated that the provisions of the act apply to the proceedings in civil actions before justices of the peace. Nowhere does the act prescribe that any of its provisions shall apply to proceedings or trials in criminal actions before the courts of the justices of the peace. It follows that the requirement in section 4666 of Kirby's Digest of an affidavit in order to obtain an appeal only applies to civil actions, and does not apply to judgments of conviction entered upon criminal proceedings. Furthermore in the Code of Criminal Procedure there is a subdivision or chapter relating to and regulating the manner of taking appeals from the judgment of justices of the peace in criminal cases; but it is not provided therein that an affidavit for appeal is necessary to obtain such appeal.

The Legislature has not prescribed that it is a requisite or condition of obtaining an appeal from a judgment of conviction of a justice of the peace in a criminal proceeding to make or file an affidavit for appeal. The circuit court therefore erred in dismissing the appeal in this case for the want of an affidavit for appeal.

The judgment of the circuit court is reversed, and this cause is remanded with directions to overrule the motion to dismiss the appeal and proceed with the trial of appellant.