Davis *v.* State.

Opinion delivered January 11, 1932.

Arthur L. Jones, for appellant.

Hal L. Norwood, Attorney General, and Pat Mehaffy, Assistant, for appellee.

HART, C. J.  The only issue raised by this appeal is whether or not appellant is barred by limitation of his right to appeal from a judgment and sentence for disturbing the peace, rendered in the Little Rock Municipal Court on the 11th day of June, 1931.

The record shows that appellant, T. H. Davis, was tried in the Little Rock Municipal Court for disturbing the peace and was convicted and sentenced to serve six months in the county jail and pay a fine of $300. After the judgment of conviction and sentence was passed upon him, it was ordered by the municipal court that the execution of the sentence be suspended. On the 12th day of September, 1931, the municipal court set aside its order suspending execution of sentence, and on the same day appellant prayed an appeal to the circuit court.

The act creating the municipal court of Little Rock prescribed that all appeals from it must be taken and the transcript lodged in the office of the circuit clerk within thirty days after judgment had been rendered and not thereafter.  Acts of 1915, No. 87 § 8, page 346.

Inasmuch as more than thirty days elapsed from the date of the judgment and sentence of conviction before an appeal was prayed, the question is presented whether or not the execution of the sentence could be suspended by the municipal court after it had duly rendered a judgment of conviction and had sentenced the defendant. Where there has been a judgment of conviction, we have recognized the power of courts of record to suspend the sentence for a reasonable time, and that, in the absence of statutory requirement, this need not be at the same term of court at which the verdict was found.  The reason is that such an order is not equivalent to a final judgment but is a mere suspension of active proceedings in the case for a limited time.  *Thurman* v. *State*, 54 Ark. 120, 15 S. W. 84; and *Davis* v. *State*, 169 Ark. 932, 277 S. W. 5.

In the latter case, however, it was expressly decided that, in the absence of a statute conferring the power, a judgment and sentence of conviction is a final judgment, and exhausts the power of the court rendering it ex-

cept to set aside the judgment and sentence at the term at which it was rendered.

Here the record shows that the court made no attempt to set aside its judgment and sentence of conviction. It merely attempted to suspend the execution of the sentence. The court exhausted its power in rendering the judgment of conviction and in passing sentence. It then undertook to exercise an entirely different power for which it had no warrant at the common law or under our statute.

In the case of *Davis* v. *State, supra,* the court recognized that the Legislature of 1923 passed an act authorizing certain judges to suspend sentence upon certain conditions and that the act was valid. Acts of 1923, No. 96, page 41.

The Legislature of 1929 gave municipal courts the same power to postpone or suspend sentence in misdemeanor cases as is conferred upon the circuit judges of this State. Acts of 1929, No. 14, page 20.

As we have already seen, the court in the present case did not attempt to suspend the sentence but undertook to suspend the execution of the sentence after it had been duly passed. This it had no power to do, and the case is controlled by that of *Ketchum* v. *Van Sickle, 171* Ark. 784, 286 S. W. 948, where it was held that where the circuit court, without authority, suspended the execution of a sentence for one year in the penitentiary, to which suspension the defendant consented, the court had authority, more than a year later, to direct that the suspended sentence be enforced.

In the present case, if the defendant wished to avail himself of his right of appeal, he should have done so within the time prescribed by statute, and the action of the court in attempting to suspend the execution of his sentence could not have denied him that right. We therefore hold that the sentence and the commitment of the defendant were legal, and, because he did not appeal to the circuit court within the time prescribed by law, the judgment of that court be affirmed.