JOHNSON *v.* STATE.

<table>
<tr><td>4172</td><td>141 S. W. 2d 849</td></tr>
</table>

Opinion delivered June 24, 1940.

*E. M. Ditmon,* for appellant.

*Jack Holt,* Attorney General, and *Jno. P. Streepey,* Assistant Attorney General, for appellee.

MEHAFFY, J. The appellant was convicted in the municipal court of Fort Smith, Arkansas, of assault with a deadly weapon. The court assessed the punishment at a fine of $60 and ten days in jail. The conviction was on December 15, 1939. The transcript was not filed in the office of the circuit clerk until January 19, 1940, more than thirty days after the conviction. When the case was called for trial in circuit court, it was suggested by the state's attorney that the transcript had not been filed within thirty days and the court was without jurisdiction to hear or determine the issues involved.

The municipal court of Fort Smith was established by Act 203 of the Acts of 1921. Section 6 of that act reads as follows: "All appeals from the municipal courts must be taken and the transcripts of appeal lodged in the office of the clerk of the circuit court within thirty days after judgment is rendered, and not thereafter. The circuit court shall advance on its

docket such causes on appeal, and the same shall stand for trial *de novo* in the circuit court ten days after being docketed."

Appellant first contends that § 4226 of Pope's Digest prescribes the manner of appeal in all criminal cases. That section provides that the justice of the peace, police judge or other presiding officer, shall file a certified transcript of his docket. It is urged by appellant that under this section, it was the duty of the municipal judge, and not the appellant, to file the transcript. He cites and relies on *Cain* v. *State*, 86 Ark. 455, 111 S. W. 267. In that case the court held that Act 151 of April 11, 1905, makes it the duty of the justice of the peace and not the appellant to file the transcript. That case was decided in 1908.

The act under which appellant was convicted in the municipal court at Fort Smith was Act 203 and was approved March 1, 1921. This was a general act and repealed all laws in conflict with its provisions. Therefore, Act 203 of 1921 repealed the act relied on by appellant, and prescribes when and how appeals shall be taken from municipal courts. This act does not require the municipal judge to file the transcript.

Appellant next calls attention to the case of *Potts* v. *State*, 92 Ark. 165, 122 S. W. 481. That case was decided in 1909, and the court stated: "But nowhere in the act is it prescribed that an affidavit for appeal shall be made or filed, and in no other provision of the statutes do we find that it is prescribed that an affidavit for appeal must be made or filed in order to obtain an appeal from a judgment of conviction on a trial of a criminal case before a justice of the peace."

Attention is next called by appellant to *Davis* v. *State*, 184 Ark. 1062, 45 S. W. 2d 35. Appellant admits that in that case a different question was decided.

This court recently passed upon the questions involved in this suit, and held that § 9903 of Pope's Digest, which is § 6 of Act 203 of 1921, necessarily included

criminal as well as civil appeals. *Lister* v. *City of Ft. Smith*, 199 Ark. 492, 134 S. W. 2d 535. In that case we called attention to *Loveland* v. *State Pharmacy*, 123 Ark. 320, 185 S. W. 288, and numerous other authorities. We deem it unnecessary to again review the authorities, but act 203 of the Acts of 1921 expressly provides for appeals from municipal courts, and limits the time to file the transcript to thirty days.

In discussing this question in *Davis* v. *State, supra*, the late Chief Justice Hart, speaking for the court, said: "In the present case, if the defendant wished to avail himself of his right of appeal, he should have done so within the time prescribed by statute, and the action of the court in attempting to suspend the execution of his sentence could not have denied him that right. We, therefore, hold that the sentence and the commitment of the defendant were legal, and, because he did not appeal to the circuit court within the time prescribed by law, the judgment of that court be affirmed."

"Section 1 of art. 7 of the Constitution of the State of Arkansas provides, among other things, that the General Assembly may vest such jurisdiction as may be deemed necessary in municipal corporation courts. That is, the Legislature is authorized by the Constitution to vest such jurisdiction in the municipal courts as it thinks necessary." *Adams* v. *Pace, Sheriff*, 193 Ark. 1020, 104 S. W. 2d 212.

Act 203 of the Acts of 1921 expressly provides for appeals from municipal courts to the circuit court, and it applies to all appeals including criminal, as well as civil, appeals. Since it provides that the transcript must be lodged in the office of the clerk of the circuit court within thirty days after judgment, the circuit court correctly held that the appeal was not taken in time, and the judgment is affirmed.