BRIDGMAN *v.* JOHNSON.

4-5998                                              142 S. W. 2d 217

Opinion delivered July 1, 1940.

*H. J. Denton,* for appellant.

*Arnold Adams,* for appellee.

HOLT, J.   The appeal is from an order of the chancery court enjoining constable Bob Tate of Whiteville township (Baxter county) from levying upon property of Agnes Johnson by virtue of executions issued by

Grant Bridgman, justice of the peace, and requiring the justice to grant appeals. Nine judgments, varying in amounts from $15.65 to $116, had been returned against John M. Thompson and Agnes Johnson. Only the latter has attempted to appeal.

The chancery complaint alleged that on August 22, 1939, appellee appeared in Justice Bridgman's court, by her attorney, and petitioned for changes of venue in respect of the claims then pending. The petition was overruled and judgments were rendered. In seeking injunctive relief it was averred that appellee experienced difficulty in executing appeal bonds, but "on September 21, 1939, about ten o'clock p. m., her attorney went to the home of the justice of the peace and knocked on the door in an effort to file the bond and affidavit for appeal. The home was dark, and the attorney, being unable to arouse anyone by knocking, such attorney could not place in the hands of the justice of the peace the affidavit and appeal bond." It was then alleged that about nine o'clock the following morning the bond and affidavit were tendered, but were refused by the justice on the ground that the time for appeal had expired.

Appellee's contention is that, through no fault of her own, she was denied the right of appeal.

The meritorious defense alleged is that the judgments were on accounts due the several claimants by the Cotter Ice & Bottling Company; that although the business was owned by appellee, she had, prior to the time the obligations were incurred, leased the plant to Thompson and Freeman; that upon expiration of the lease it was renewed by Thompson" . . . who was the sole operator of the Cotter Ice & Bottling Company at the time of the contracting of all the debts sued on; that same were contracted by John M. Thompson personally and individually and in his trade name, Cotter Ice & Bottling Company, but that this plaintiff at that time was in no way connected with the operation of the plant."

Thompson is appellee's son. His insolvency was alleged.

The complaint recites that when Justice Bridgman overruled appellee's petition for a change of venue, she refused to plead further, and ". . . appeals in each instance were prayed in open court, and were granted."

The complaint in equity was demurred to. The demurrer was overruled; whereupon, the defendants elected to stand on the demurrer, and the injunction and mandatory order were issued.

We think the demurrer should have been sustained. The so-called "unavoidable casualty" was due to appellee's inaction. There is nothing in the record to show why a change of venue was denied.

The law's requirement is that an appeal from a judgment rendered by a justice of the peace must be taken "within thirty days, and not thereafter." Pope's Digest, § 8475. Act 323 of 1939, which supplements §§ 8475-77 of the Digest, provides that "A party who appeals from a justice of the peace judgment . . . must file a transcript of the judgment in the office of the circuit clerk within thirty days after the rendition of the judgment." Prior to the 1939 enactment, responsibility for filing transcripts was placed upon justices of the peace. Pope's Digest, § 8479. But, as was held in *Carden* v. *Bailey,* 87 Ark. 230, 112 S. W. 743, "It was the duty of appellees here to see that the transcript was lodged with the circuit clerk as the law requires." *Hart* v. *Lequieu,* 110 Ark. 284, 161 S. W. 201.

A late case applicable to the instant controversy is *Nowlin* v. *Merchants National Bank,* 192 Ark. 529, 92 S. W. 2d 390, where the requirement that transcript be lodged with the circuit court within thirty days after rendition of judgment was held "mandatory." In that case it was further said that unless the direction is complied with "the court is without jurisdiction."

Appellee's inability to execute bonds did not prevent the affidavit from being filed and the transcript from being lodged with the circuit clerk. In the absence of bonds the judgments would not have been superseded, but the appeals could have been prosecuted.

There is no allegation that the justice of the peace collusively absented himself in order to prevent appellee from filing affidavit and bond.

The act of 1939 referred to, *supra*, expressly provides that "If the transcript of the judgment is not filed within thirty days after the rendition of the judgment, execution can be issued against the signers of the appeal bond." Certainly, if bondsmen may be proceeded against, the judgment debtor cannot have superior rights. There is no contention that the transcript was lodged with the circuit clerk within thirty days. The burden of filing the transcript is imposed "upon the party who appeals."

In *Martin* v. *Gray*, 193 Ark. 32, 97 S. W. 2d 439, it was insisted that because the tax collector of Stone county was "swamped" with applications for receipts during the last day of the period provided by law for their procurement, the requirements of the statute should be waived. In disposing of the question this court, in an opinion written by Chief Justice JOHNSON, said:

"Appellee's argument that the collector was overwhelmed with belated poll tax applications on the last day for payment and was unable to perform his official duties in issuing and delivering the receipts is without convincing effect. Viewed from either the collector's or the taxpayer's standpont the contention is without merit. The taxpayer is given approximately five months by the general law in which to procure his poll tax receipt. If the period were extended to ten months the same argument would be advanced. Procrastination has ever been availed of by the human race. A typical example is narrated in the Biblical parable of the 'Wedding Feast.' Excuses there were not accepted and the courts should not accept excuses where election laws are deliberately ignored and violated." See *American Workmen Insurance Co.* v. *Irvin*, 194 Ark. 1149, 110 S. W. 2d 487.

The decree is reversed, with directions to sustain the demurrer and to dismiss the complaint.