## LYTLE *v.* HILL.

4-7058                                          170 S. W. 2d 684

Opinion delivered May 3, 1943.

*C. T. Sims,* for appellant.

*Harry H. Wells, Jr.,* for appellee.

SMITH, J. This case originated in the court of a justice of the peace, who rendered judgment against appellant on June 20, 1942. Notice of appeal was given in open court on the day of the trial. Repeated requests were made for the transcript, which the justice promised to prepare and file, but he did not do so, and the thirty days allowed for filing a transcript expired without it having been filed. Thereafter, appellant filed in the circuit court a motion for a rule upon the justice requiring the latter to file the transcript. The transcript was then filed by the justice. When the circuit court convened, appellee filed a motion to dismiss the appeal upon the ground that the appeal had not been perfected within the time limited by law. That motion was sustained and the appeal dismissed, and from that judgment is this appeal.

Appellant insists that it was error to dismiss his appeal for the reason that he had done all he could and all the law required of him, including the filing of an appeal bond, that he was assured by the justice that the transcript would be filed, and that he could take no action to compel the justice to perform the ministerial duty of filing the transcript within the time allowed the justice to perform this duty, inasmuch as the justice promised to perform this duty within the time allowed him by law.

But appellee did not do all he might have done, or all that the law required of him. He had the right to demand the filing of the transcript immediately after the rendition of the judgment, or at any time within thirty days, and when that request was not complied with, he could and should have done one of two things. First, he might have brought mandamus to compel the filing of the transcript, or he might have pursued the easier and simpler remedy of filing in the circuit court

a motion for a rule upon the justice requiring the filing of the transcript. This latter remedy he did pursue, but not until after the expiration of the thirty days.

Section 8475, Pope's Digest, states the three prerequisites of an appeal from the judgment of a justice of the peace, the second being that: "The appeal must be taken within thirty days after the judgment was rendered and not thereafter."

This paragraph, apparently of a mandatory nature, was nevertheless construed to be directory. In the case of *Hart* v. *Lequieu,* 110 Ark. 284, 161 S. W. 201, an appeal was dismissed for the reason that it had not been filed within thirty days after the judgment. This was done after the court had refused to hear the explanation of the delay. That judgment was reversed on the appeal to this court, it being held that it was the duty of the circuit court to hear and pass upon the merits of the appellant's excuses upon the question of his delay in perfecting the appeal.

In this state of the law the General Assembly, at its 1939 session, passed act 323, entitled "An act regulating appeals from inferior courts to the circuit courts." Section 1 of this act reads as follows: "A party who appeals from a justice of the peace judgment or a common pleas judgment or a municipal court judgment must file the transcript of the judgment in the office of the circuit court clerk within 30 days after the rendition of the judgment. If the transcript of the judgment is not filed within 30 days after the rendition of the judgment, execution can be issued against the signers of the appeal bond."

This section gives finality to the judgments of inferior courts where the transcript of the judgment is not filed in the office of the clerk of the circuit court within thirty days after the rendition of the judgment, and authorizes the issuance of an execution against the signers of the appeal bond as upon a final judgment.

This act is not only mandatory, but is jurisdictional. The transcript must be filed with the clerk of the circuit

court within 30 days to confer jurisdiction upon the circuit court. It was so expressly held in the case of *Nowlin* v. *Merchants National Bank,* 192 Ark. 529, 92 S. W. 2d 390, and the holding in the case of *Bridgman* v. *Johnson,* 200 Ark. 990, 142 S. W. 2d 217, is to the same effect.

It follows that the appeal was properly dismissed, and the judgment is affirmed.