CHAVIS *v.* PRIDGEON.

4-7356                                                                    180 S. W. 2d 320

Opinion delivered May 15, 1944.

282

*Arthur D. Chavis,* for appellant.

HOLT, J.   March 30, 1943, appellee secured a judgment against appellant in the municipal court of the City of Pine Bluff.   On April 23rd thereafter, appellant filed affidavit for appeal to the circuit court, and on the same date executed and filed appeal bond.   April 30, 1943, appellant filed transcript of the judgment in the office of the clerk of the circuit court.   Thereafter, on November 8, 1943, when the cause came on for trial in the circuit court, the court found "that the appeal herein should be dismissed for the reason that the transcript of the judgment rendered by the Municipal Court of Pine Bluff, Arkansas, was not filed in the office of the clerk of this court within the thirty-day period prescribed by law," dismissed the appeal and remanded the cause "for enforcement of the judgment of said Municipal Court." The action of the court is questioned by this appeal.

The General Assembly, at its 1939 session, passed Act 323, § 1 of which provides: "A party who appeals from a justice of the peace judgment or a common pleas judgment or a municipal court judgment must file the transcript of the judgment in the office of the circuit court clerk within 30 days after the rendition of the judgment.   If the transcript of the judgment is not filed within 30 days after the rendition of the judgment, exe-

cution can be issued against the signers of the appeal bond.''

As to the effect which should be given to this section of the act, in *Lytle* v. *Hill*, 205 Ark. 789, 170 S. W. 2d 684, we said: ''This section gives finality to the judgments of inferior courts where the transcript of the judgment is. not filed in the office of the clerk of the circuit. court within thirty days after the rendition of the judgment, and authorizes the issuance of an execution against the signers of the appeal bond as upon a final judgment. This act is not only mandatory, but is jurisdictional. The transcript must be filed with.the clerk of the circuit court within 30 days to confer jurisdiction upon the circuit court. It was so expressly held in the case of *Nowlin* v. *Merchants National Bank,* 192 Ark. 529, 92 S. W. 2d 390, and the holding in the case of *Bridgman* v. *Johnson,* 200 Ark. 990, 142 S. W. 2d 217, is to the same effect.''

The judgment in the. instant case was rendered on March 30, 1943, and the statute required appellant to file the transcript with the clerk of the circuit court within 30 days from that date. This he failed to do. In computing the time, the day on which the judgment was rendered must be excluded, and the day on which the transcript was filed must be included.

In *Massachusetts Bonding & Insurance Company* v. *Home Life & Accident Company,* 119 Ark. 102, 178 S. W. 314, this court said: ''The general rule is that in computing the time, the first day is to be excluded, and the last day is to be included.'' See, also, *Robertson* v. *Cunningham, ante,* p. 76, 178 S. W. 2d 314.

Excluding March 30th, the day on which the judgment was rendered, it is obvious that 31 days had elapsed between this date and the date on which the transcript was filed, April 30, 1943.

Finding no error, the judgment is affirmed.