FRENCH *v.* OLIVER, MAYOR.

4-8149                              200 S. W. 2d 778

Opinion delivered April 7, 1947.

*W. D. Davenport,* for appellant.

*C. E. Yingling, Jr.,* for appellee.

ROBINS, J.   On March 28, 1946, the mayor of the city of Searcy, Arkansas, found appellants guilty of misdemeanors and assessed fines against them. They promptly filed affidavits and bonds for appeals.   The appeals not having been lodged in the circuit court, appellants, on October 21, 1946, filed in that court a petition for mandamus against appellee, as mayor, to require him to file the appeals.   In the petition, the essential recitals of which are conceded, it is set forth that from time to time unavailing demands for filing of the appeals were made by appellants upon the mayor.

Under the provisions of Act 323 of 1939 it is made the duty of one appealing from an inferior court, such as that of mayor, to file the transcript in the office of the clerk of the circuit court within thirty days from the rendition of the judgment appealed from.   We construed this Act in these cases: *Lytle* v. *Hill,* 205 Ark. 789, 170 S. W. 2d 684; *Chavis* v. *Pridgeon,* 207 Ark. 281, 180 S. W. 2d 320.

In both of these cases we held that it is mandatory on the person taking the appeal to see that the transcript is lodged with the clerk of the circuit court within the thirty day period.

It is argued that the allegations in the petition filed below by appellants were sufficient to show fraudulent conduct on the part of the mayor; but we do not find them so.   Therefore it is unnecessary for us to discuss the effect of a showing of fraud on the part of a magistrate in a matter of this kind.

The law plainly imposed on appellants the duty of filing the appeals within thirty days after their conviction; and, if they were unable to obtain the transcript from the mayor within that time, they should have, before the lapse of the thirty day period, applied to the circuit court for a rule on the mayor to require him to deliver the transcript to appellants for filing.

The petition of appellants not having been filed until more than thirty days after the date of the judgment against them did not entitle appellants to the relief prayed, even if all its allegations are true.

The judgment of the lower court is accordingly affirmed.