EVERETT v. COLEMAN, JUDGE.

4-8142                                       201 S. W. 2d 30

Opinion delivered April 14, 1947.

516

*Chas. F. Cole,* for appellant.

*W. M. Thompson* and *Dean R. Lindsey,* for appellee.

MINOR W. MILLWEE, Justice. On different dates in April and June, 1946, appellants, C. E. Everett, Archie Reves, Harrison Ballard and Dial Bowers, were tried and convicted of certain misdemeanors before appellee, Hon. Dene H. Coleman, judge of the municipal court of Batesville, Arkansas.

Immediately following his trial and conviction, each appellant prayed, and gave notice of, an appeal to circuit court and filed an appeal bond in an amount fixed by the court. On July 29, 1946, which was more than 30 days after entry of the respective judgments of conviction against appellants, commitments were issued by appellee directed against each of the appellants and placed in the hands of the chief of police of the city of Batesville for execution.

On July 30, 1946, appellants filed their several petitions for mandamus in the circuit court to require appellee to prepare and lodge transcripts of the respective municipal court proceedings in the office of the circuit clerk of Independence county. Upon filing of the petitions, the trial court directed that action upon the commitments be held in abeyance until final determination of the causes.

Appellee filed his response to the several petitions alleging that the time for appeal had expired when the respective commitments were issued; and that none of the appellants had requested that a transcript be pre-

pared or filed within 30 days of their respective convictions.

By agreement of the parties, the causes were consolidated for trial which was held on August 6, 1946, upon the pleadings and a stipulation of facts. In this stipulation it was agreed that appellee had not filed a transcript with the clerk of the circuit court in any of the cases; and that none of the appellants, nor their respective counsel, had taken any steps to perfect an appeal other than filing the notice and bond for appeal heretofore mentioned. The trial court found that appellants had failed to perfect their appeals by lodging transcripts in the office of the circuit clerk within 30 days of their respective convictions, as required by law, and denied the petitions for mandamus. This appeal follows.

For reversal of the judgment, appellants contend that, by praying an appeal and posting an appeal bond in municipal court, they did all that was required of them under the law to perfect their appeals; and that it then became the duty of the municipal judge to prepare and file transcripts of the municipal court proceedings in the office of the circuit clerk. In support of this contention, appellants rely on § 4226 of Pope's Digest which required the presiding officer of an inferior court to file a transcript of the record in the office of the circuit clerk when an appeal was prayed from a conviction in misdemeanor cases.

The municipal court of the City of Batesville was established under Act 60 of the Acts of 1927, which appears, as amended, in §§ 9897-9912, Pope's Digest. Section 7 of said act, which is § 9903 of Pope's Digest, is identical with § 6 of Act 203 of 1921, and was construed by this court in *Johnson* v. *State,* 200 Ark. 969, 141 S. W. 2d 849. It was there held that § 9903 of Pope's Digest, *supra,* was applicable to all appeals from municipal courts and did not require the municipal judge to file the transcript. The court also held that § 9903, *supra,* repealed § 4226 of Pope's Digest, upon which appellants now rely.

The Legislature of 1939 passed Act 323 which provides that a party who appeals from a judgment of a justice of the peace, common pleas court, or municipal court, must file the transcript thereof in the office of the circuit clerk within 30 days after rendition of the judgment. This act is controlling here, and imposes the duty upon a party appealing from a judgment in municipal court to file the transcript within 30 days after rendition of the judgment. Although this act was in effect at the time of the decision in *Johnson* v. *State, supra,* its provisions were not invoked in that case and the opinion makes no reference to the act. In later cases the act was construed as giving finality to judgments of inferior courts where the transcript of the judgment is not filed in the office of the circuit clerk within 30 days after rendition of the judgment, and the duty of filing the transcript was held to be imposed upon the party appealing from the judgment. *Bridgman* v. *Johnson,* 200 Ark. 990, 142 S. W. 2d 217; *Tucker* v. *Batesville Motor Company,* 203 Ark. 553, 157 S. W. 2d 492; *Lytle* v. *Hill,* 205 Ark. 789, 170 S. W. 2d 684; *Chavis* v. *Pridgeon,* 207 Ark. 281, 180 S. W. 2d 320.

In the recent case of *French et al.* v. *Oliver, Mayor, ante,* p. 484, 200 S. W. 2d 778, Act 323, *supra,* was held applicable in an appeal from a criminal conviction in a mayor's court, and we there said: ''The law plainly imposes on appellants the duty of filing the appeals within thirty days after their conviction; and, if they were unable to obtain the transcript from the mayor within that time, they should have, before the lapse of the thirty day period, applied to the circuit court for a rule on the mayor to require him to deliver the transcript to appellants for filing.'' Appellants might have also brought mandamus proceedings to compel the filing of the transcript within 30 days after rendition of judgment. *Lytle* v. *Hill, supra.*

Appellants also invoke the provisions of Act 280 of 1941, which amended § 9903 of Pope's Digest, *supra,* and contend that the effect of the amendment was to repeal that portion of § 9903, *supra,* affecting appeals in crim-

inal cases. Act 280 relates to procedure on appeals from municipal court in civil cases only. But Act 323 of 1939 is unaffected by the provisions of Act 280 of 1941 insofar as the applicability of the former act to appeals in criminal cases is concerned. Since we hold the 1939 act applicable here, it is unnecessary to determine what effect the passage of Act 280 of 1941 had upon § 9903 of Pope's Digest.

Appellants did not file their respective petitions for mandamus until more than 30 days after the date of their convictions in municipal court. Under the agreed statement of facts they did not request the municipal judge to prepare and file the transcripts within 30 days after the judgments; nor did they apply for a rule on said judge to require him to deliver the transcripts to appellants for filing within 30 days after rendition of the judgments. Under these circumstances, appellants were not entitled to the relief prayed and the trial court correctly denied their respective petitions for mandamus.

The judgment is affirmed.