MESSINA *v.* STATE.

4465 204 S. W. 2d 547

Opinion delivered September 29, 1947.

Rehearing denied October 27, 1947.

*John C. Sheffield*, for appellant.

*Guy E. Williams*, Attorney General, and *Oscar E. Ellis*, Assistant Attorney General, for appellee.

HOLT, J. March 20, 1947, appellant was tried in the municipal court of the city of Helena, Arkansas, on a charge of selling whiskey on Sunday. He was found guilty and a fine of $100 assessed. An appeal was prayed and granted to the circuit court.

April 29, 1947, transcript of the record was filed in the office of the circuit clerk. During the May term of the circuit court following, on May 7th, on motion of the prosecuting attorney, the court dismissed the appeal on the ground that the transcript was not filed within the thirty day period as provided in Act 323 of the Acts of Arkansas for 1939, and remanded the cause to the municipal court for further proceedings. This appeal followed.

The question presented is one of law. Did Act 323, *supra*, apply? Appellant argues that it did not. It is our view that the Act applied and that the judgment of the court below was correct.

The Act in question provides: "Section 1. A party who appeals from a justice of the peace judgment.or a common pleas judgment or a municipal court judgment must file the transcript of the judgment in the office of the circuit court clerk within 30 days after the rendition of the judgment. If the transcript of the judgment is not filed within 30 days after the rendition of the judgment, execution can be issued against the signers of the appeal bond. Section 2 All laws and parts of laws in conflict herewith are hereby repealed, etc."

The Act applies both to misdemeanor and civil cases.

In the very recent case of *Everett et al.* v. *Coleman*, *ante*, p. 515, 201 S. W. 2d 30, we said: "In the recent case of *French et al.* v. *Oliver, Mayor, ante*, p. 484, 200 S. W. 778, Act 323, *supra* (meaning Act 323 of 1939), was held applicable in an appeal from a criminal conviction in a mayor's court, and we there said: 'The law plainly imposed on appellants the duty of filing the appeals within thirty days after their conviction; and, if they were unable to obtain the transcript from the mayor within that time, they should have, before the lapse of the thirty-day

period, applied to the circuit court for a rule on the mayor to require him to deliver the transcript to appellants for filing.' "

"This Act (323 of 1939) is not only mandatory, but is jurisdictional." *Lytle* v. *Hill*, 205 Ark. 789, 170 S. W. 2d 684.

The duty of filing the transcript in the office of the circuit clerk within thirty days after the rendition of the judgment in the municipal court, from which the appeal was taken, was imposed upon the party appealing from the judgment. (*French* v. *Oliver, supra.*)

Since the transcript of the record in the municipal court was not filed with the clerk of the circuit court until more than thirty days after the date of the judgment in the municipal court, the judgment must be, and is, affirmed.