WHITELEY *v.* PICKENS.

5-835                                              286 S. W. 2d 4

Opinion delivered January 23, 1956.

*Rex W. Perkins* and *David J. Burleson,* for appellant.

*James R. Hale,* for appellee.

J. SEABORN HOLT, Associate Justice. Appellee obtained a judgment against appellant in the Municipal Court of the City of Fayetteville on April 12, 1955. On this same date appellant filed affidavit for an appeal, and later filed an appeal bond. On May 14, 1955, more than 30 days after entry of the judgment in the Municipal Court, appellant filed the transcript of the proceedings in the Washington Circuit Court. On May 16, 1955, appellee filed motion to dismiss appellant's appeal on the ground that it was not filed within the 30 day period which the law required. This motion was heard by the trial court on the proceedings (no testimony was taken) and the court sustained appellee's motion and dismissed the appeal. This appeal followed.

Appellant says: "This appeal rests solely upon the interpretation of Act 203 of 1953, and the application of that Act to the facts of this case." Act 203 of 1953 provides: "Section 1. Section 1 of Act 323 of 1939, being Section 26-1307 of the Statutes of the State of Arkansas, be and the same is hereby amended to read as follows: 'If a party appeals from a justice of the peace judgment or a common pleas judgment or a municipal court judgment the clerk of the court or the justice of the peace of the court from which the appeal is taken must file the transcript of the judgment in the office of the Circuit Court Clerk within thirty (30) days after the rendition of the judgment.'

"Section 2. All laws and parts of law in conflict herewith are hereby repealed," etc.

Section 1 of Act 323 of 1939 [Now § 26-1307 Ark. Stats. 1947], which the above act amended, provided: "A party who appeals from a justice of the peace judgment or a common pleas judgment or a municipal court judgment must file the transcript of the judgment in the office of the circuit court clerk within 30 days after the rendition of the judgment. If the transcript of the judgment is not filed within 30 days after the rendition of the judgment, execution can be issued against the signers

of the appeal bond.'' In construing this Section 1 of Act 323 of 1939 we said in *Lytle* v. *Hill,* 205 Ark. 789, 170 S. W. 2d 684, ''This section gives finality to the judgments of inferior courts where the transcript of the judgment is not filed in the office of the clerk of the circuit court within thirty days after the rendition of the judgment . . . This act is not only mandatory, but is jurisdictional. The transcript must be filed with the clerk of the circuit court within 30 days to confer jurisdiction upon the circuit court. It was so expressly held in the case of *Nowlin* v. *Merchants National Bank,* 192 Ark. 529, 92 S. W. 2d 390, and the holding in the case of *Bridgman* v. *Johnson,* 200 Ark. 990, 142 S. W. 2d 217, is to the same effect.''

As we construe Act 203 of 1953, it just simply amended Section 1 of Act 323 of 1939 [§ 26-1307 Ark. Stats. 1947] so as to place the responsibility of filing the transcript, within the 30 day period, upon the clerk of the Municipal Court rather than upon ''the party who appeals'' but left the burden on appellant to see that the transcript was so filed within that period. The Act also omits and repeals that provision, or the last sentence, in Section 1 of Act 323 which says: ''If the transcript of the judgment is not filed within 30 days after the rendition of the judgment, execution can be issued against the signers of the appeal bond.'' This Act 203, however, leaves in full force and effect, and does not repeal, the second subdivision of § 26-1302 Ark. Stats. 1947, which provides: ''The appeal must be taken within thirty (30) days after the judgment was rendered, and not thereafter.''

We hold that the burden was on appellant to see that the transcript was lodged with the Circuit Court within the 30 day period and that Act 203 of 1953, which was an amendment to Act 323 of 1939, does not change the law in this respect. Affirmed.