Ex parte Hornsby.

4899                                              311 S. W. 2d 529

Opinion delivered March 31, 1958.

*Nance & Nance* by *Cecil B. Nance, Jr.,* for petitioner.

*Bruce Bennett, Atty. General* and *Thorp Thomas, Asst. Atty. General,* for the State of Arkansas.

Minor W. Millwee, Associate Justice. This is a petition for writ of *habeas corpus* filed in this court on November 27, 1957, by Hubert Earl Hornsby claiming he was being detained unlawfully in the Crittenden County jail because of his inability to pay a fine and costs of $219.25 adjudged against him in the Municipal Court of West Memphis, Arkansas, on September 16, 1957, upon his plea of *nolo contendere*[1] to a charge of driving a vehicle while under the influence of intoxicating liquor. We appointed the Honorable Cecil B. Nance Jr. to represent the indigent petitioner.

---

[1] The plea of *nolo contendere* was added to the statute [Ark. Stats. Sec. 43-1220] by Act 141 of 1953. Excellent articles on the history, nature and implications of the plea appear in 51 Yale Law Journal 1255 and 7 Ark. Law Review 337.

At the outset we are confronted with the proposition that an application for *habeas corpus* cannot be made to perform the function of an appeal, or writ of error, in correcting errors or irregularities at the trial. We have repeatedly held that if a petitioner for *habeas corpus* is in custody under process regular on its face, nothing will be inquired into save the jurisdiction of the court whence the process came. *Ex parte Brandon,* 49 Ark. 143, 4 S. W. 452; *Ex parte Foote,* 70 Ark. 12, 65 S. W. 706; *State ex rel. Attorney General* v. *Auten, Judge,* 211 Ark. 703, 202 S. W. 2d 763.

Petitioner does allege that the municipal court was without jurisdiction to try him for a violation of state law. This allegation is without merit under Ark. Stats., Sec. 22-709, which provides that municipal courts shall have jurisdiction concurrent with the circuit court over misdemeanors committed within the county. Petitioner's remedy as to other alleged irregularities was by an appeal to circuit court which he failed to prosecute within 30 days as required by Ark. Stats., Sec. 26-1307. *Messina* v. *State,* 211 Ark. 1060, 204 S. W. 2d 547; *Whiteley* v. *Pickens,* 225 Ark. 845, 296 S. W. 2d 4. The petition is accordingly denied.