CRAIG *v.* STATE.

5055                                    361 S. W. 2d 16

Opinion delivered October 15, 1962.

*Sexton & Morgan,* by *Thomas A. Pedron,* for appellant.

*Frank Holt,* Attorney General, by *Milas H. Hale,* Asst. Attorney Gen., for appellee.

NEILL BOHLINGER, Associate Justice. On April 4, 1962, the appellant was convicted in the Justice of the Peace Court, Carter Township, Greenwood District, Sebastian County, on a charge of disturbing the peace and sentenced to thirty days confinement in jail and was also fined at the same time for assault and battery.

At the time of sentencing, the appellant made an oral motion for an appeal to the Sebastian Circuit Court and executed a bond for his appearance in that court.

No further action seems to have been taken in the matter and on May 5, 1962, the Justice of the Peace ordered a commitment for the incarceration of the appellant. On May 7, 1962, the appellant filed in the Sebastian Circuit Court a petition for a *writ of habeas corpus* and a petition for a *writ of certiorari.* The circuit court denied both petitions and the appellant appeals here under the contention that by the terms of Act 151 of the Acts of 1905 he was allowed sixty days after conviction to perfect his appeal, which time had not elapsed on the date of the issuance of the order of commitment. On May 21, 1962, a bail bond in the sum of $500.00 was fixed by a justice of this court under which appellant was released from custody pending further orders of this court.

It is the contention of the State, however, that an appeal from an inferior court to the circuit court must be perfected within thirty days from date of judgment, which time had elapsed at the time the commitment was issued.

Act 151 of 1905 is captioned as an act to amend the laws regulating appeals to the circuit court in criminal cases and provides, in Section 1:

"Any person convicted before any justice court, or police, or city court of any crime, misdemeanor, breach of the penal laws of this State, or of violation of any city or town ordinance, may appeal therefrom to the circuit court of the county in which such conviction occurred at any time within sixty days thereafter."

Since the passage of Act 151 of 1905, the Legislature has twice acted on the matter of appeals from inferior courts to the circuit court.

Act 323 of the Acts of 1939 is entitled "An Act Regulating Appeals From Inferior Courts to the Circuit Court," and Section 1 thereof is as follows:

"*A party who appeals* from a justice of the peace judgment or a common pleas judgment or a municipal court judgment *must file the transcript of the judgment* in the office of the circuit court clerk within 30 days after the rendition of the judgment. If the transcript of the judgment is not filed within 30 days after the rendition of the judgment, execution can be issued against the signers of the appeal bond." [Emphasis added]

In 1953 the Legislature passed Act 203 entitled "An Act to Amend Act 323 of the Acts of the General Assembly of the State of Arkansas for the Year 1939, It Being an Act to Regulate Appeals from Inferior Courts to the Circuit Court." Section 1 of Act 203 is as follows:

"Section 1 of Act 323 of 1939, being Section 26-1307 of the Statutes of the State of Arkansas, be and the same is hereby amended to read as follows:

'If a party appeals from a justice of the peace judgment or a common pleas judgment or a municipal court judgment the clerk of the court or the justice of the peace of the court from which the appeal is taken must file the transcript of the judgment in the office of the Circuit Court Clerk within thirty (30) days after the rendition of the judgment.' "

It will be noted that Act 203 of 1953 amended Act 323 of 1939 by placing the responsibility of filing the transcript within a thirty day period upon the clerk

of the court, or upon the justice of the peace rather than upon the appealing party and omitted the last sentence of Act 323 which is immaterial here.

In order for us to sustain the contention of the appellant it would be necessary for us to engraft upon the clear wording of the statute an intent upon the part of the Legislature to make the Acts of 1939 and 1953 apply only to civil cases. In this connection we can do no better than to quote from the opinion of the learned trial judge in that particular.

"* * * It is of course obvious that this Act contains no language whatsoever limiting its application to civil cases. In view of this state of affairs the Court feels that there is nothing for it to construe or interpret. There is no ambiguity about this Act and for the judicial branch of the Government to engraft words of limitation on it would be an affront to the legislative branch of our Government. Surely where the Legislature has expressed itself in clear and unequivocal language the courts have no business in picking it apart, and certainly in this instance there can be no quarrel with the lucidity of expression employed by the Legislature in expressing its will. To the contrary it must be pointed out that this Act serves a laudable purpose of making uniform the time in which to perfect appeals from inferior courts to the Circuit Court without regard to whether or not the case is criminal or civil in nature, or whether it emanates from a Municipal or Justice of the Peace Court."

It is clear that the Legislature intended no difference of allowance of time for the appeals of civil and criminal cases.

In *Whiteley* v. *Pickens,* 225 Ark. 845, 286 S. W. 2d 4, there was before the court the matter of the time allowed for a defendant to perfect an appeal to the circuit court from a lower court and in holding that the transcript of the judgment from the lower court must be filed in the office of the circuit court within thirty days after rendition of the judgment, we said:

"'* * * The transcript must be filed with the clerk of the circuit court within 30 days to confer jurisdiction upon the court.''

This is in line with the holding in *Nowlin* v. *Merchants National Bank,* 192 Ark. 529, 92 S. W. 2d 390, and *Bridgman* v. *Johnson,* 200 Ark. 990, 142 S. W. 2d 217.

In the *Whitely,* case, *supra,* we further said:

''We hold that the burden was on appellant to see that the transcript was lodged within the 30 day period and that Act 203 of 1953, which was an amendment to Act 323 of 1939, does not change the law in this respect.''

In *Ex parte Hornsby,* 228 Ark. 975, 311 S. W. 2d 529, there was before us a case in which *Hornsby,* being in durance vile, petitioned the Crittenden Circuit Court for a writ of *habeas corpus* to inquire into the jurisdiction of the court which had committed him. There was no record of an appeal having been taken and in that case we said:

''At the outset we are confronted with the proposition that an application for *habeas corpus* cannot be made to perform the function of an appeal, or writ of error, in correcting errors or irregularities at the trial. We have repeatedly held that if a petitioner for *habeas corpus* is in custody under process regular on its face, nothing will be inquired into save the jurisdiction of the court whence the process came.'' Citing cases.

Hence there was no jurisdiction in the circuit court in this case and the petition for *habeas corpus* was properly refused.

We further hold that the appellant's petition for writ of *certiorari* was at best a substitute for failure to file his appeal on time. As we said in *Ex parte Phillips,* 80 Ark. 200, 96 S. W. 742:

''*Certiorari* can not be used as a substitute for appeal except in instances where the right of appeal has been unavoidably lost through no fault of the petitioner.''

There is no proof here that the right of appeal was unavoidably lost.

The finding of the circuit court refusing the writ of *habeas corpus* and writ of *certiorari* is affirmed.