B-W Acceptance Corp. *v.* Terrell

5-3325                                                        382 S. W. 2d 884

Opinion Delivered October 19, 1964.

*Willis V. Lewis,* for appellant.

No brief filed for Appellee.

Ed. F. McFaddin, Associate Justice. The question here posed is whether the appellee Terrell filed within due time his appeal from the Camden Municipal Court to the Ouachita Circuit Court. If the question is answered in the affirmative there must be an affirmance; if the question is answered in the negative a reversal is required.

Appellant filed a replevin action against the appellee in the Municipal Court of Camden. There was a bond and a cross bond. On February 21, 1963, judgment was rendered for the plaintiff (appellant here) and on the same day the defendant (appellee here) gave notice of appeal. On February 23, 1963, the defendant filed in the Municipal Court an affidavit for appeal and a bond for appeal, which bond was approved by the Municipal

Judge. Then on February 27, 1963, there were filed in the Circuit Court three pages: one page was the original affidavit for appeal; the second page was the original bond given by defendant to supersede the judgment of the Municipal Court; and we copy in full below the third page:

"TRANSCRIPT OF CIVIL CASE NO. 552

"B. W. Acceptance Corp.                    Plaintiff

    v.                     Mr. Willis V. Lewis, Atty.

Jefferson Terrell                              Defendant

                            Mr. L. B. Smead, Atty.

"Complaint at law filed 1-22-63 against defendant for $243.09 plus costs. Order for delivery in replevin issued 1-22-63 and made returnable 2-7-63. Bond of plaintiff filed 1-22-63. Case continued until Feb. 21, 1963 on motion of Mr. Smead, Atty. for Defendant. Cross bond filed by defendant on 2-1-63.

"This case came on to be heard the 21st day of Feb. 1963. The testimony of both plaintiff and defendant presented and it is the finding of the Court that plaintiff is entitled to judgment for amount prayed for in complaint and costs and that said judgment be entered against surety for amount prayed for in complaint and all costs accrued. "Notice of appeal given by Atty. for defendant. Appeal bond set at $500.00."

It will be observed that this third page was not signed by the Municipal Clerk or certified in any way.[1] It was a mere unsigned typewritten page. No other papers of any kind were filed in the Circuit Court until November 14, 1963, when, on request of the Circuit Judge, the Clerk of the Municipal Court sent to the Circuit Court the complete file of all the pleadings and proceedings in the Municipal Court. In the Circuit Court the appellant filed a motion to dismiss the appeal as filed out of time;

---

[1] By *sub-poena duces tecum* we caused the original of these three pages to be brought before us in order to see if there was any kind of certificate to the pages.

but the Trial Court held that the filing in the Circuit Court, on February 27, 1963, of the three pages heretofore mentioned, was a substantial compliance with the law and that the appeal had been filed in due time. From a final judgment dismissing the cause of action of the plaintiff there is this appeal; and the question posed has heretofore been stated.

We have two statutes which are mentioned in the appellant's brief in this case. The first is Ark. Stat. Ann. § 22-707 (Repl. 1962), which reads:

"All appeals of civil cases from municipal courts must be taken and the transcripts of appeal lodged in the office of the clerk of the circuit court within thirty (30) days after judgment is rendered, and not thereafter, only after the party appealing has paid to the clerk of the municipal court the costs now allowed for the preparation of the transcript, and also the filing costs due the circuit clerk. The clerk of the municipal court shall within (5) days after such payment lodge such transcript with the circuit clerk and pay to him the amounts due as filing costs. The circuit court shall advance on its docket such causes on appeal and the same shall stand for trial de novo in the circuit court ten (10) days after being docketed."

The second statute is Ark. Stat. Ann. § 26-1307 (Repl. 1962), which reads:

"If a party appeals from a justice of the peace judgment or a common pleas judgment or a municipal court judgment the clerk of the court or the justice of the peace of the court from which the appeal is taken must file the transcript of the judgment in the office of the circuit court clerk within thirty (30) days after the rendition of the judgment."

There is no brief filed in this Court by the appellee, but, regardless of which of the above statutes the appellee might have desired to urge, the result is the same: the appellee failed to comply with the requirements of either

statute.[2] All that was filed in the Circuit Court within the thirty day period were the three pages sent from the Municipal Court, as previously mentioned. These pages failed to constitute a "transcript." In *Camden Gas Corp. v. Camden*, 183 Ark. 583, 37 S. W. 2d 74, we said: "The transcript is nothing but a certified copy of the record below. . . ." A good case recognizing that a certificate is required to constitute a transcript is *L. & N. RR.* v. *Caudill* (Ky.), 194 S. W. 2d 508.

In the case at bar there was nothing certified, so there was no *transcript,* as required by the statute for timely filing of appeals from municipal court to circuit court. Our holding in *Barber* v. *Crabtree*, 214 Ark. 463, 217 S. W. 2d 265, points to the present holding. The fact, that the three pages were sent from the Municipal Court, rather than filed direct in the Circuit Court, does not differentiate the case at bar from the adjudicated case. The three pages filed in the Circuit Court were not certified in any way, and therefore there was no compliance with the requirements for a *transcript*.

The judgment of the Circuit Court is reversed and the cause is remanded, with directions: (a) to enter a judgment dismissing the attempted appeal of Jefferson Terrell from the Municipal Court; (b) to render judgment for the B-W Acceptance Corporation on the bond; and (c) for all other proper relief.

[2] Recent cases on Ark. Stat. Ann. § 26-1307 (Repl. 1962) are: *Whiteley* v. *Pickens*, 225 Ark. 845, 286 S. W. 2d 4; Ex parte *Hornsby*, 228 Ark. 975, 311 S. W. 2d 529; and *Craig* v. *State*, 235 Ark. 563, 361 S. W. 2d 16.