SHERIDAN *v.* STATE

5132                           389 S. W. 2d 232

Opinion Delivered April 19, 1965.

*J. B. Milham,* for appellant.

*Bruce Bennett,* Atty. Gen., *By: Jack L. Lessenberry,*
Asst. Atty. Gen. for appellee.

SAM ROBINSON, Associate Justice. On February 28,
1964, appellant was convicted in the Benton Municipal
Court of the charge of driving while intoxicated, in viola-
tion of Ark. Stat. Ann. § § 75-1027—29 (Repl. 1957). Octo-
ber 6, 1964, the transcript of the trial held in the Municipal
Court was filed in the Saline Circuit Court. On the 18th
day of November, 1964, the case came on for trial. After
some evidence had been introduced, the prosecuting at-
torney discovered that the appeal from the Benton Munici-
pal Court had not been lodged in the Circuit Court within
30 days after the date of the judgment in accordance with
Ark. Stat. Ann. § 26-1307 (Repl. 1962). The prosecuting
attorney, therefore, moved to dismiss the appeal because
it had not been filed in the Circuit Court within the time
allowed by law. The Circuit Court granted the motion to
dismiss; the defendant, Sheridan, has appealed to this
court.

Ark. Stat. Ann. § 26-1307 (Repl. 1962) provides: "If
a party appeals from a justice of the peace judgment or a
common pleas judgment or a municipal court judgment the
clerk of the court or the justice of the peace of the court
from which the appeal is taken must file the transcript of
the judgment in the office of the circuit court clerk within
thirty (30) days after the rendition of the judgment."

When a party appeals it is the duty of the clerk of the
municipal court to file the transcript in the office of the
circuit clerk, but it is the duty of the party appealing to
see that the transcript is so filed, and to give the circuit
court jurisdiction the transcript must be filed with the
circuit clerk within thirty days after the date of the muni-
cipal court judgment. *Whiteley* v. *Pickens,* 225 Ark. 845,
286 S.W. 2d 4; *Ex parte Hornsby,* 228 Ark. 975, 311 S.W.
2d 529.

Appellant also contends that he cannot now be com-
pelled to serve the sentence pronounced by the Benton
Municipal Court because he was sentenced to serve one

year and a year has expired since the rendition of the judgment. As authority he cites *Canard* v. *State*, 225, Ark. 559, 283 S.W. 2d 685, but the cited case is not in point. There, the defendant had been sentenced to a year and the sentence suspended. After the expiration of the year the court attempted to revoke the suspension. We held that the trial court did not have authority to revoke the suspended sentence after the year had expired. In the case at bar, the defendant was not given a suspended sentence and he does not contend that he has served any part of the sentence pronounced by the Benton Municipal Court. Of course, a defendant who has been sentenced to serve time is not entitled to be credited with the time he is free pending appeal. *Mitchell* v. *Sanford,* 161 F. 2d 374; *Weber* v. *Mosley,* 242 S.W. 2d 273. In the last cited case the court said: "Likewise, where a convicted person takes the necessary steps to appeal, the execution of sentence is suspended and the passage of time is no bar to the later enforcement of the judgment after affirmance of the conviction by the appellate court."

Affirmed.