## Ronald L. LOWE *v.* STATE of Arkansas

CR 89-160                                         776 S.W.2d 822

Supreme Court of Arkansas
Opinion delivered October 2, 1989

*Dan J. Kroha,* for appellant.

*Steve Clark,* Att'y Gen., by: *C. Kent Jolliff,* Asst. Att'y Gen., for appellee.

JOHN I. PURTLE, Justice. The appellant was charged with second offense DWI and was tried, convicted, and sentenced on June 9, 1988. He gave notice of appeal on the same date. The record was not lodged in the circuit court until September 7, 1988. On November 18, 1988, the circuit court dismissed the appeal on the ground that it was not timely.

The appellant argues that the trial court: (1) should not have sentenced the appellant until thirty days after the trial; (2) erred in dismissing the appeal as untimely; and (3) improperly denied him a jury trial. We find no authority requiring the municipal court to wait thirty days after trial before pronouncing sentence. The circuit court did not err by pronouncing sentence within thirty days following the trial, nor was the appellant improperly

denied a trial by jury. Therefore, the decision of the circuit court is affirmed.

The appellant's first argument is that the municipal court should have waited thirty days after finding him guilty before pronouncing sentence. Had the court done so, the appellant reasons, he would have had an additional thirty days in which to file notice of appeal, and the appeal would have been timely.

This argument is based on Ark. Code Ann. § 5-65-109(a) (1987), which states:

> (a) Upon finding of guilt or a plea of guilty or nolo contendere for violating § 5-65-103, the court shall immediately request and the Arkansas Highway Safety Program or its designee shall provide a presentence screening and assessment report of the defendant.

> (b) The presentence report shall be provided within thirty (30) days of the request, and the court shall not pronounce sentence until receipt of the presentence report.

It cannot be argued that the sentencing in this case did not occur within thirty days because it was pronounced immediately after a finding of guilt. The municipal clerk testified, at the hearing in circuit court, that the case was tried on June 9, 1988, and that a presentence report was submitted later on that same day, and judgment was entered at that time.

The appellant relies on *Lovell* v. *State*, 283 Ark. 425, 678 S.W.2d 318 (1984), for the proposition that the sentencing provisions of the Omnibus DWI Act of 1983 are mandatory. From that principle he somehow derives his argument that thirty days must have elapsed between the finding of guilt and pronouncement of sentence. We have found nothing in *Lovell* which indicates that pronouncement of sentence must be delayed thirty days after a finding of guilt in the municipal court. We do not, therefore, find the appellant's argument persuasive.

The appellant contends in his second argument that the trial court erred in finding that the appeal was not timely filed in the circuit court. The appellant was tried and convicted on June 9, 1988. Judgment and notice of appeal were entered on the same date. At that time, the municipal court acknowledged that the

appellant desired to appeal his decision. On July 1, 1988, the appellant posted a $45.25 appeal bond with the municipal clerk, who later discovered that a written notice of appeal had not been filed. She attempted to contact the appellant's attorney on July 6 and again on July 13, but was unable to do so on either occasion. Although she had not heard from the appellant's counsel, the municipal clerk filed the record in the circuit court on July 20, 1988. The next day, the circuit clerk informed the municipal court clerk that the appeal could not be accepted because it was not timely.

Rule 9 of the Arkansas Inferior Court Rules provides that:

(a) All appeals in civil cases from inferior courts to circuit court must be filed in the office of the clerk of the particular circuit court having jurisdiction of the appeal within thirty (30) days from the date of the entry of the judgment.

(b) An appeal from an inferior court to the circuit court shall be taken by filing a record of the proceedings had in the inferior court. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and the appellant shall have the responsibility of filing such record in the office of the circuit clerk.

(c) When the clerk of the inferior court, or the court in the absence of a clerk, neglects or refuses to prepare and certify a record for filing in the circuit court, the person desiring an appeal may perfect his appeal on or before the 30th day from the date of the entry of the judgment in the inferior court by filing an affidavit in the office of the circuit court clerk showing that he has requested the clerk of the inferior court [or the inferior court] to prepare and certify the records thereof for purposes of appeal and that the clerk [or the court] has neglected to prepare and certify such record for purposes of appeal. A copy of such affidavit shall be promptly served upon the clerk of the inferior court [or the court] and the adverse party.

The appellant cites *McBride* v. *State*, 297 Ark. 410, 762 S.W.2d 785 (1989), for his contention that failure to file the notice of appeal in circuit court is not fatally defective. The following passage from *McBride* is apparently relied upon by the

appellant:

> A notice of appeal to circuit court was never filed by the appellant. However, we find that such a filing is not necessary to perfect the appeal from the municipal court to the circuit court. As long as the record of the inferior court proceeding was filed with the circuit clerk within 30 days of the entry of the judgment, the appeal is perfected.

The *McBride* opinion, as the language quoted above indicates, does not support the appellant's argument because the record was not filed within thirty days of pronouncement of sentence.

We have long held that the record of the municipal court must be filed in the circuit court within thirty days of the municipal court's judgment if the appeal is to be perfected. In *Sheridan v. State*, 239 Ark. 322, 389 S.W.2d 232 (1965), this court held:

> When a party appeals it is the duty of the clerk of the municipal court to file the transcript in the office of the circuit clerk, but it is the duty of the party appealing to see that the transcript is so filed, and to give the circuit court jurisdiction the transcript must be filed with the circuit clerk within thirty days after the date of the municipal court judgment.

We stated in *Finley v. State*, 281 Ark. 38, 661 S.W.2d 358 (1983), that: "It is the duty of counsel, not the judge, not the clerk, not the reporter, to perfect an appeal." The fact that the municipal clerk may not have performed her duties well does not inure to the benefit of the appellant's counsel. Therefore, the circuit court did not err in dismissing the appeal.

The appellant also argues that it was error to deny him a jury trial in the circuit court. Since he was not entitled to a trial in the circuit court, we do not have the matter presented for decision at this time.

Affirmed.