The Honorable Albert "Tom" Collier State Representative 2713 Ivy Drive Newport, AR 72112
Dear Representative Collier:
This is in response to your request for an opinion on the following question:
 Is the losing party in a civil case tried in municipal court required to pay to the municipal court clerk the cost of the transcript and the cost for filing the case in circuit court BEFORE the clerk is required to prepare and deliver the appeal to the circuit clerk?
The answer to your question with regard to the cost for filing the case in circuit court is clearly "no". Section 8 of Act 431 of 1987 repealed a previous requirement in this regard. Arkansas Code of 1987 Annotated 16-17-213, prior to the passage of Act 341 of 1987, stated that an appeal from municipal court would be taken, and the appeal transcript lodged, "only after the party appealing has paid to the clerk of the municipal court the costs allowed for the preparation of the transcript and also the filing cases due the circuit clerk." See A.C.A. 16-17-213(a) (1987). As the 1989 Supplement to the Code now reflects, however, this language was removed by the repealer contained in Section 8 of Act 431 of 1987 (see A.C.A. 16-17-213 (Supp. 1989)), and specifically by the repeal therein of Section 7 of Act 60 of 1927, as amended.
There is, therefore, no longer a requirement that the appellant pay to the municipal court clerk the cost for filing the case in circuit court before the clerk must prepare and deliver the appeal to the circuit clerk.
While the resolution of your question with regard to the cost of the transcript is not as clear, it is my opinion that the answer is, again, "no." As noted above, a previous specific requirement to this effect has been repealed. Acts 1987, No. 431, 8. And while it must be recognized that, in accordance with Act 901 of 1989, a fee of not less than five dollars ($5.00) must be collected by the municipal court for preparation of the original "certification of disposition of court proceedings", the 1989 act does not appear to condition the clerk's obligation to prepare and certify the record upon the payment of this fee. This is in stark contrast to prior law.
Rule 9 of the Arkansas Inferior Court Rules should also be noted wherein it states in pertinent part that:
 An appeal from an inferior court to the circuit court shall be taken by filing a record of the proceedings had in the inferior court. It shall be the duty of the clerk to prepare and certify such record when requested by the appellant and the appellant shall have the responsibility of filing such record in the office of the circuit clerk.
AICR 9(b).
It must be concluded that the municipal clerk's duty to "prepare and certify [the record of the proceedings had in the inferior court] when requested by the appellant", AICR 9(b), is not dependent upon the payment of a fee. The appellant is, however, clearly responsible for seeing that the transcript is filed. Lowe v. State, 300 Ark. 106, 109,776 S.W.2d 822 (1989). If the municipal court clerk fails or refuses to prepare and certify a record for filing in the circuit court, the appellant may perfect his appeal by filing an affidavit in the circuit clerk's office showing that he has requested preparation and certification of the municipal court records and the clerk has failed to perform his or her duties in this regard.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
RON FIELDS Attorney General
RF:arb